IN RE the ESTATE OF David R. SANDERS, deceased:

Diana G. SANDERS, Appellant-Petitioner,

v.

ESTATE OF David R. SANDERS
by Ivan Gruetzmacher,
Personal Representative, Respondent.

Supreme Court

*No. 2006AP424. Oral argument April 4, 2008.
—Decided June 18, 2008.*

2008 WI 63

(Also reported in 750 N.W.2d 806.)

175

For the appellant-petitioner there were briefs by *Michael D. Lawrynk* and *Gabert, Williams, Konz & Lawrynk, LLP,* Appleton, and oral argument by *Michael D. Lawrynk.*

For the respondent there was a brief by *Thomas W. Johnson, Eric D. Hendrickson,* and *Werner, Lindgren & Johnson, S.C.,* Waupaca; *Thomas A. Maroney* and *Hansen, Shambeau, Maroney, Anderson & Parry, S.C.,* Waupaca, and oral argument by *Eric D. Hendrickson.*

¶ 1. N. PATRICK CROOKS, J. Petitioner, Diana G. Sanders (Sanders), seeks review of an unpublished per curiam decision[1] of the court of appeals, which dismissed Sanders' appeal as having been untimely filed. The orders involved were granted in probate proceedings in the Circuit Court for Waupaca County with Judge Philip M. Kirk, presiding. The Respondent is the Estate of David R. Sanders (the Estate), and Ivan Gruetzmacher is the personal representative of the Estate.

¶ 2. The principal issue upon review is whether the February 10, 2006 order of the circuit court was a final order for the purposes of an appeal, or whether Sanders should have appealed from an earlier order.

¶ 3. We reverse the decision of the court of appeals. We hold that the February 10, 2006 order was a final order for the purposes of an appeal. We are further satisfied that Sanders did not waive her right to an appeal by stipulating to the entry of the February 10, 2006 order.

I

¶ 4. This is the second time that issues involving this Estate and the February 10, 2006 order have come before us. In 2006, we granted Sanders' first petition for review, which also related to the February 10, 2006

---

[1] *Sanders v. Estate of Sanders,* No. 2006AP424, unpublished slip op. (Wis. Ct. App. Sept. 20, 2007).

order. The court of appeals had dismissed Sanders' appeal from that order in regard to the probate of her deceased husband's estate. In 2003, the court of appeals dismissed Sanders' earlier appeal as premature, holding that it was from a nonfinal order. In both 2006 and 2007, the court of appeals dismissed her second appeal, holding that it had been filed too late. In doing so, the court of appeals held that the February 10, 2006 order was not a final order. In 2007, we summarily vacated the court of appeals' 2006 dismissal and remanded the case to the court of appeals for reconsideration in light of our decisions in *Wambolt v. West Bend Mutual Insurance Co.*, 2007 WI 35, 299 Wis. 2d 723, 728 N.W.2d 670, and *Tyler v. The Riverbank,* 2007 WI 33, 299 Wis. 2d 751, 728 N.W.2d 686. On remand, the court of appeals once again concluded that Sanders' appeal was late and once again dismissed her appeal, holding that there was a final order that was issued between 2003 and 2005 from which she could have appealed. Sanders petitioned for review of the latest decision of the court of appeals, and we granted that petition for review.

¶ 5. This matter started with probate proceedings when, after a will contest, David Sanders' will was admitted to probate. The will gave David Sanders' assets to his brothers and to his nephews while expressly excluding his wife, Sanders. Sanders and the Estate both disputed the characterization of the assets as being marital property and their valuation. In April 2001, based on the parties' agreement, the circuit court ordered that all of the Estate's assets other than real estate, interest on real estate, and other income attributable to any asset of the Estate were marital property that would be divided equally between Sanders and the Estate. However, the parties disagreed on what assets should be included, their value, and the amount of the income to be split.

¶ 6. All of the parties eventually agreed that the farm was marital property and that Sanders could buy the Estate's one-half interest in it at a price that would be determined by inviting offers. On December 24, 2001, the circuit court approved that stipulation. The Estate received two offers, one of which was for $375,000 and one of which was for $860,000, contingent on rezoning. Sanders sought to buy the property for one-half of the $375,000 offer. However, on July 12, 2002, the circuit court granted a motion by the guardian ad litem for Sanders' minor child asking for relief from the settlement agreement. The circuit court ordered all parties to pursue the higher offer. On October 18, 2002, the circuit court denied Sanders' motion for reconsideration of this decision to vacate the stipulated order, and Sanders then appealed.

¶ 7. On February 4, 2003, the court of appeals dismissed Sanders' appeal as being premature, because it was satisfied that the July 12, 2002, and October 18, 2002 orders were not final. The court noted it would not consider the December 24, 2001 order because it had been vacated. The court of appeals also denied Sanders' request to interpret her notice of appeal as a petition for interlocutory review. Sanders did not petition this court for review of that appellate decision.

¶ 8. Sanders asserts that, after her first appeal was dismissed, her only choice was to either match the higher offer that the circuit court validated or allow the property to be sold to the entity that made the higher offer. Sanders chose to match the price and to buy the Estate's share of the farm. According to Sanders, her accepted offer to purchase the farm required the Estate both to restore the property and to pay for environmental clean-up costs. On April 1, 2005, the farm's sale to Sanders was confirmed by an order of the circuit court.

The order did not state that any of Sanders' claims were dismissed, released, adjudicated, or satisfied. Sanders claims that the environmental restoration was not finished until January 2006.

¶ 9. A few months after the April 1, 2005 order was entered, the parties agreed to mediate the claims that Sanders had with respect to all of the non-real estate assets and liabilities. Sanders claimed that the Estate owed her $70,000. This amount was for issues that were still disputed, which included: (1) the amount the Estate owed to Sanders for marital property, which included farm income; (2) the amount the Estate owed to Sanders for its share of a loan; and (3) the amount Sanders owed to the Estate for the Estate's share of the farm's account through the closing date of the farm's sale.

¶ 10. The parties, through mediation, reached an agreement with respect to all of the non-real estate assets and liabilities. That agreement was dated June 29, 2005, and provided that the Estate would pay Sanders the amount of $37,500. In July 2005, the circuit court entered an order, based on the agreement, which authorized the Estate to pay that amount to Sanders' attorney. On January 27, 2006, the circuit court entered an order authorizing payments, which, among other things, covered services rendered to bring the real estate into compliance with environmental standards.

¶ 11. On February 10, 2006, a stipulation and order of dismissal was filed with the circuit court providing that, upon the provision of the signed estate receipt from Sanders, all of the claims between Sanders and the Estate were dismissed. The February 10, 2006 order specifically stated, "This Order does not however waive any appeal rights that Diana Sanders or the Estate of David R. Sanders may have which are expressly reserved."

¶ 12. Sanders appealed the February 10, 2006 order. On June 7, 2006, the court of appeals dismissed Sanders' appeal as having been filed too late. The court also concluded that the February 2006 order was not a final order. The court of appeals was satisfied that one of the circuit court orders issued between 2003 and 2005 was the relevant final order and that an appeal from any of those orders would obviously be too late. Citing Wis. Stat. § 808.03(1) (2005–06)[2], the court of appeals noted that an appeal as a matter of right may only be taken from a final order or judgment in an action or a special proceeding. Also citing § 808.03(1), the court of appeals noted that an order or a judgment is only final if it disposes of the entire matter in litigation as to one or more of the parties.

¶ 13. In its June 7, 2006 decision, the court of appeals held that the February 2006 order was not final for the purposes of an appeal because that order did not dispose of any substantive matters that were then in litigation, at least not as to Sanders. The court of appeals did not determine which order was the final order because it concluded that all of the previous potential final orders, which had been issued between 2003 and 2005, were time barred for purposes of appeal. The court of appeals stated that one potential final order was the order dated July 2003, which set Sanders' right of first refusal to purchase the farm. The court of appeals also was satisfied that the April 1, 2005 order that confirmed the farm's sale was a potential final order. It also stated that another potential final order was the order dated July 2005, which directed the Estate to make certain payments to Sanders' attorney.

---

[2] All further references to the Wisconsin Statutes are to the 2005–06 version unless otherwise noted.

The court of appeals rejected Sanders' argument that the environmental clean-up condition in the farm sales contract, which was still pending at the time of the issuance of all three orders, made all three previous orders nonfinal. Sanders argued that the environmental clean-up work had not been finished until January 2006, which is what allowed the claims to be dismissed in full using the February 2006 order.

¶ 14. After the court of appeals' June 7, 2006 decision that dismissed her appeal as being untimely, Sanders filed a petition for review in this court. We initially held Sanders' petition for review in abeyance until our *Wambolt* and *Tyler* decisions were released. After the release of those two opinions, on May 23, 2007, we granted Sanders' petition for review, summarily vacated the June 7, 2006 court of appeals order, and remanded the case to the court of appeals for reconsideration in light of those two decisions.

¶ 15. On September 20, 2007, the court of appeals summarily dismissed Sanders' appeal again as having been filed too late. The 2007 decision largely followed and expanded upon the reasoning of the court of appeals' 2006 decision.

¶ 16. In its 2007 decision, the court of appeals stated that Sanders had sought review of the 2002 circuit court decision that related to the process by which Sanders could purchase the Estate's interest in the farm. The court of appeals took the position that the appeal raised two issues, which were: (1) whether the three probate orders that were issued between 2003 and 2005 satisfied the finality requirements of *Wambolt* and *Tyler* as encompassing explicit language that dismissed or adjudged the claim; and (2) what the scope of the relevant matter in litigation was between Sanders and the Estate.

¶ 17. The court of appeals first addressed the second issue and held that the real estate and the non-real estate matters were two separate proceedings, which were commenced and litigated at different times, and which were addressed in separate filings and orders. As a result, the court of appeals held that Sanders' ability to appeal the final real estate order should not depend on whether any new non-real estate disputes were filed later, because such later disputes would not become a part of the matter that was in litigation already.

¶ 18. Having decided the second issue that the real estate transactions were the sole matters in litigation for the purpose of identifying the final order, the court of appeals turned to the first issue of whether those orders satisfied the *Wambolt* and *Tyler* tests. In its June 2006 dismissal order, the court of appeals believed that one of the three orders between 2003 and 2005 was the final order, and not the February 2006 order. As a result, the court of appeals felt that it was not necessary to determine which of those orders was actually the final order, because an appeal from any of those orders was time barred when the 2006 appeal was filed. The court of appeals conceded that an appeal from the February 2006 order would have been timely if that court had determined that it was a final order.

¶ 19. After reviewing the 2002, 2003, and 2005 orders, the court of appeals stated that the April 2005 order, which confirmed the real estate sale, satisfied the *Wambolt* test because its language explicitly approved and confirmed the sale of the farm. The court of appeals cited *Estate of Hillery: McCarville v. Hinkins,* 46 Wis. 2d 689, 695, 176 N.W.2d 376 (1970), for the proposition that an order that confirms the sale of real estate during a probate proceeding is a final order and, hence,

appealable. The court of appeals rejected Sanders' contention that the April 2005 order was not final because of its additional language that directed the proceeds from the sale to be placed in a trust account pending additional orders from the circuit court. The court of appeals also decided that any environmental clean-up issues were not in litigation and that such potential future litigation would not render the April 2005 order nonfinal. The court of appeals held that the February 2006 order, which Sanders appealed from, did not encompass the relevant April 2005 circuit court order. The court of appeals also stated that Sanders' appeal of the February 2006 circuit court order did not permit Sanders a review of the nonfinal 2002 circuit court order.

¶ 20. Sanders filed a petition for review of the court of appeals' September 20, 2007 decision, and we granted review on December 19, 2007.

## II

¶ 21. We begin by addressing the relevant standard of review. Determining whether an order is final, and also determining whether an appeal is timely from a final judgment or order, both present questions of law that we review de novo. *Wambolt,* 299 Wis. 2d 723, ¶ 14 (citing *Harder v. Pfitzinger,* 2004 WI 102, ¶ 8, 274 Wis. 2d 324, 682 N.W.2d 398).

## III

¶ 22. The principal issue upon review is whether the February 10, 2006, order of the circuit court was a final order for the purposes of an appeal, or whether Sanders should have appealed from an earlier order.

¶ 23. On review, Sanders first argues that, under *Wambolt* and *Tyler,* the February 2006, circuit court order was the final order because: (1) it met the specific language requirements of those two cases; (2) it disposed of the entire matter in litigation; and (3) a final order could not have been entered before the farm's sale was fully completed in January 2006. Sanders asserts that the court of appeals' decision conflicts with both cases, because none of the other circuit court orders contained explicit language that either adjudged or dismissed her claims. Second, Sanders contends that the dispute over the real estate assets and the non-real estate assets was truly a single "matter in litigation." She contends that all of her claims, after the initial will contest, have to be considered a single "matter in litigation[,]" because her marital property claims to both real estate assets and non-real estate assets were identical claims to different property items that were tied to the farm and its operations, and to transactions involving livestock, crops, and like matters. Third, in her reply brief, Sanders argues that she did not waive her right to an appeal by stipulating to the entry of the circuit court's February 10, 2006, order.

¶ 24. On review, the Estate argues that the court of appeals was correct in its determination that the February 10, 2006, circuit court order was not the final order. The Estate argues that the dispute over the real estate was the sole "matter in litigation[,]" given that Sanders settled all of her non-real estate claims in mediation. Furthermore, the Estate argues that the court of appeals was correct in concluding that the April 2005 circuit court order satisfied the *Wambolt* and *Tyler* tests as being a final order because, while it did not use the term adjudged, it contained similarly explicit language that adjudged the matter. Specifically, that order

186

stated that "the sale of the real estate involved in the above entitled action is approved and confirmed." The Estate claims that this order granted the ultimate relief that Sanders sought. The Estate also argues that a potential for future litigation would not render an order nonfinal. In the alternative, the Estate argues that Sanders waived her right to an appeal by stipulating to the entry of the circuit court's February 10, 2006, order.

¶ 25. For the reasons discussed in detail below, we hold that the February 10, 2006, order of the circuit court was a final order for the purposes of an appeal. We are further satisfied that Sanders did not waive her right to an appeal by stipulating to the entry of the February 10, 2006, order.

█

¶ 26. A party may only appeal, as a matter of right, from a judgment or an order "that disposes of the entire matter in litigation as to one or more of the parties . . ." in an action or a special proceeding. Wis. Stat. § 808.03(1). We have previously held that the probate of an estate is a series of special proceedings, which are terminated with a series of orders that are final orders for the purposes of an appeal. *See Estate of Goldstein v. Goldstein,* 91 Wis. 2d 803, 810, 284 N.W.2d 88 (1979). Special proceedings in probate "are terminated by orders rather than by judgments." *Id.* (citation omitted).

█

¶ 27. Because the probate of an estate may consist of a series of special proceedings, unlike other forms of litigation, probate can result in a series of potentially final orders. *Estate of Olson v. Dunbar,* 149 Wis. 2d 213, 216, 440 N.W.2d 792 (Ct. App. 1989). As this court stated, " 'A final order in a special proceeding, . . . is one which determines and disposes finally of the proceeding

187

—one which, so long as it stands, precludes any further steps therein. It bears the same relation to the proceeding in which it is entered as the final judgment bears to an action.' " *Estate of Hillery,* 46 Wis. 2d at 695 (citation omitted).

¶ 28. Furthermore, Wis. Stat. § 865.04(2) states: "The determination of each issue and the completion of each proceeding required for the administration of a decedent's estate is independent of any other issue or proceeding involving the same estate." Additionally, in the context of probate, an appeal may be taken as a matter of right only from a judgment or an order that disposes of the entire matter in litigation as to one or more parties in an action or a special proceeding. Wis. Stat. § 808.03(1). Accordingly, because the probate of a decedent's estate is a series of special proceedings, we are satisfied that a party in such a proceeding may take an appeal as a matter of right at any time in the probate process when a special proceeding disposes of an entire matter in litigation as to one or more parties. Obviously, this may occur more than once during the probate of a decedent's estate as special proceedings on various issues are concluded.

¶ 29. We must first identify the scope of the relevant "matter in litigation" in regard to the real estate special proceeding in the present case. Based on our review of the record, the real estate special proceeding contained many different matters such as the sales price determination, the confirmation of the purchase, the environmental clean-up on the property, and other aspects of the property's restoration. We are satisfied that the real estate special proceeding was finally disposed of as an entire matter in litigation by the February 10, 2006, order because the Estate had not

completed its required environmental clean-up and property restoration tasks, which made the real estate's sale complete and final, until January 2006. As a result, we are persuaded that the circuit court could not have finally disposed of the real estate special proceeding before January 2006. We are further satisfied that the February 10, 2006, order was the final order because it stated that "all claims have been resolved or adjudicated . . . ." It also specifically stated that the order did not waive any appeal rights that Sanders or the Estate "may have which are expressly reserved."

¶ 30. We remanded this case to the court of appeals after our *Wambolt* and *Tyler* decisions were released, and we are satisfied that those cases support, and seem to be consistent with, our decision here because, as we noted previously, the February 10, 2006, order contained the language both that "all claims have been resolved or adjudicated . . ." and that all claims were "dismissed on the merits . . . ." Such language is consistent with the requirement in both *Wambolt* and *Tyler* that final judgments or orders must contain a statement such as " 'it is adjudged . . .' " or any other "similar[ly] explicit language adjudging the matter." *Wambolt,* 299 Wis. 2d 723, ¶ 34, n.12; *see also Tyler,* 299 Wis. 2d 751, ¶ 3.

¶ 31. While we are following the *Wambolt* and *Tyler* cases here, we are cognizant of the fact that those cases were not probate cases and that probate cases involve a series of special proceedings. In addition, *Wambolt* and *Tyler* contain a new requirement with prospective application to circuit court final orders and final judgments.

¶ 32. In *Wambolt* and in *Tyler*, both of which had prospective application to the contents of circuit court final orders, the new requirement was that, from Sep-

tember 1, 2007, on, "final orders and final judgments [must] state that they are final for [the] purposes of [an] appeal." *Wambolt,* 299 Wis. 2d 723, ¶ 44 (citation omitted); *see also Tyler,* 299 Wis. 2d 751, ¶ 26. Furthermore, in *Wambolt,* this court considered, but did not adopt, the federal requirement of a separate document. *Wambolt,* 299 Wis. 2d 723, ¶ 44, n.18. We stated, "The federal system addresses the need for clarity with respect to finality by requiring that courts enter a separate document constituting [a] final judgment. Fed. R. Civ. P. 58 (2006); Fed. R. App. P. 4(a)(7), 4(b)(6) (2006)." *Id.* We continued by stating, "Unless and until our current rules are modified, the requirement of the statement on finality which we embrace above provides additional clarity within our existing appellate procedures." *Id.*

¶ 33. A general tenet of Wisconsin appellate procedure is applicable to the present case. This court has held that, when final orders and judgments "arguably dispose of the entire matter in litigation as to one or more of the parties, but which do not contain a clear statement that they are the documents from which [an] appeal of right may follow[,]" the appropriate course of action for an appellate court "is to liberally construe [the] documents in favor of timely appeals." *Id.,* ¶ 46 (footnote omitted). Accordingly, "absent explicit language that the document is intended to be the final order or final judgment for purposes of appeal, appellate courts should liberally construe ambiguities to preserve the right of appeal." *Id.*

¶ 34. In analyzing the present case, we turn first to the Estate's argument that Sanders waived her right to an appeal by stipulating to the entry of the circuit court's February 10, 2006, order because, if true, that

190

would end our inquiry. Citing *State v. Johnson,* 153 Wis. 2d 121, 124, 449 N.W.2d 845 (1990), the Estate argues that the general rule is that a party lacks standing to appeal from a judgment or an order to which he or she consented.

¶ 35. In contrast, Sanders argues that she did not waive her right to an appeal by stipulating to the entry of the February 10, 2006, order. Sanders also contends that she did not accept the circuit court's decisions regarding the farm's sale by doing so. Sanders argues that all of the cases that the Estate relies on in support of its position on this issue involved conditional judgments, that allowed at least one party to revisit issues, either in the circuit court or upon appeal, depending on what the appellate courts did upon review. Sanders notes that this was not the situation in the present case.

¶ 36. We are satisfied that Sanders did not waive her right to an appeal in the present case, and our previous case law supports that decision. For example, in *Stone,* the plaintiffs, the Stones, and their insurer, Acuity, entered into a stipulation. *Stone v. Acuity,* 2008 WI 30, ¶ 16, 308 Wis. 2d 558, 747 N.W.2d 149. The stipulation provided for a judgment to be entered in the Stones' favor "for $500,000 against Acuity and reserved Acuity's right to appeal the denial of its motion for summary judgment and motion for reconsideration of that denial." *Id.* The parties agreed " 'that the $500,000 figure would be the amount that ACUITY would pay for the injuries and damages sustained by G. Vaughn Stone and Christine Stone in the event [that] insurance coverage is found on appeal to exist from ACU-ITY . . . .' " *Id.,* ¶ 66. Acuity had failed to provide the Stones with "adequate notice of the availability of UIM coverage," in violation of Wis. Stat. § 632.32(4m)(d), so

this court read into the Stones' policy "the minimum level of UIM coverage required under § 632.32(4m)(d)— $50,000 per person and $100,000 per accident." *Id.*, ¶ 61. However, we held that this particular determination did not end our inquiry because of the stipulation between the parties. *Id.*, ¶ 65. We noted that the " 'interpretation of a stipulation must, above all, give effect to the intention of the parties.' " *Id.*, ¶ 67 (citations omitted). Because we found that UIM insurance coverage existed in favor of the Stones, we held that Acuity had to pay the Stones the full stipulated amount of $500,000 for their injuries and not the lesser amount of $50,000 per person and $100,000 per accident. *Id.*, ¶ 68.

¶ 37. We are satisfied that Sanders did not waive her right to an appeal by stipulating to the entry of the circuit court's February 10, 2006, order. As we noted in *Stone,* stipulations must "give effect to the intention of the parties." *Id.*, ¶ 67. Here, the stipulation expressly noted that it did "not . . . waive any appeal rights that . . . Sanders . . . may have which are expressly reserved." Accordingly, giving effect to the parties' clear intention, we are satisfied that Sanders did not waive her right to an appeal because of the stipulation.[3]

¶ 38. We now turn our analysis to the other primary legal issue before us upon review, which is the

---

[3] We note, however, that the parties to an action or a proceeding may not bind the court on the issue of whether an order or a judgment is a final one regardless of the language set forth in a stipulation. Accordingly, as we stated in *Wambolt,* "[c]ircuit courts should therefore be mindful of whether a document stating that it is final for purposes of appeal does in fact dispose of the entire matter in litigation as to one or more parties." *Wambolt v. W. Bend Mut. Ins. Co.,* 2007 WI 35, ¶ 46 n.19, 299 Wis. 2d 723, 728 N.W.2d 670.

192

finality, or the lack thereof, of the February 10, 2006, order. After doing so, we must determine whether Sanders' appeal was filed in a timely manner. We are satisfied that the February 10, 2006, order was the relevant final order.[4] Under Wis. Stat. § 809.10, a timely notice of appeal is necessary to confer jurisdiction on an appellate court. Sanders' notice of appeal was stamped as filed on February 20, 2006.

¶ 39. Based upon our review of the record, we are satisfied that the February 10, 2006, order of the circuit court met the requirements of a final order in a probate matter. The February 10, 2006, circuit court order specifically noted it dismissed all claims of Diane Sanders on the merits.

¶ 40. Many issues remained unresolved after the issuance of the April 2005 order of the circuit court, which was the order that confirmed the farm's sale to Sanders. Accordingly, we are convinced that the court of appeals focused too narrowly, and, therefore, erroneously on that circuit court order rather than looking at the scope of the entire "matter in litigation" between Sanders and the Estate related to the real estate. In doing so, the court of appeals failed to place appropriate emphasis on many unresolved issues between Sanders and the Estate in the real estate special proceeding. For example, the June 2005 mediation agreement, which

---

[4] The relevant statute that sets forth the time limits for an appeal requires that any "appeal to the court of appeals must be initiated within 45 days of" the entry of the final judgment or order that is being "appealed from if written notice of the entry of a final judgment or order is given within 21 days of the final judgment or order as provided in [§ ]806.06(5), or within 90 days of entry if notice is not given . . . ." Wis. Stat. § 808.04(1). Sanders' appeal was timely under either test.

the circuit court approved, required Sanders "to cooperate with any and all governmental agencies and their engineers or other employees or subcontractors with respect to environmental clean up and monitoring . . . ." Furthermore, the Estate was to receive any future reimbursement from "P.E.C.F.A. funding . . . ." Accordingly, the mediation agreement of June 2005 demonstrates that there were still matters pending in the real estate special proceeding. The Estate was required to bring the farm property into compliance with environmental standards and to perform other, various clean-up activities on the farm. The environmental clean-up condition in the farm sales contract was still pending until just before the issuance of the February 10, 2006, order. It was not until late January of 2006 that the circuit court ordered payments for services related to environmental restoration and clean-up activities. This January 2006 circuit court order noted that "the real estate which is the principal asset in the Estate has now been brought into compliance with environmental standards . . . ." Only after the Estate had performed all of its obligations in this regard could a final order be entered in the present case. Accordingly, we are satisfied that the February 10, 2006, order was the relevant final order, because only it disposed of the entire matter in litigation between Sanders and the Estate in the real estate special proceeding.

¶ 41. Specifically, the February 10, 2006, order disposed of the entire matter in litigation at the circuit court level as to at least one party, Sanders, by stating, "all claims brought and made by and between Diane Sanders and [the Estate] are hereby dismissed on the merits and without costs." Furthermore, that order referenced the parties' "Stipulation and Order of Dis-

missal" and further stated that "all claims have been resolved or adjudicated at the trial court level." While a finality determination is not always clear-cut, here we are satisfied that this circuit court order was the one that disposed of the entire matter in litigation, at least in regard to the relevant real estate special proceeding, and it specifically noted and preserved Sanders' right to appeal from the order.[5] Just as we required in *Wambolt* and *Tyler*, final orders and final judgments in probate cases should also state that they are final for the purposes of an appeal, if that is the intention of the parties involved and of the circuit court.

¶ 42. In summary, based on the foregoing, we hold that the February 10, 2006, order of the circuit court was a final order for the purposes of an appeal. We are further satisfied that Sanders did not waive her right to an appeal by stipulating to the entry of the February 10, 2006, order.

## IV

¶ 43. We reverse the decision of the court of appeals. We hold that the February 10, 2006, order was a final order for the purposes of an appeal. We are further satisfied that Sanders did not waive her right to an appeal by stipulating to the entry of the February 10, 2006, order.

---

[5] Sanders' appeal of the February 10, 2006, order, because that order concluded the remaining real estate matters, had the effect of bringing before the court of appeals all of the real estate issues. This is so because all prior nonfinal judgments, orders, or rulings that were adverse to Sanders in the real estate special proceeding, which were not previously appealed and ruled upon, were properly before the court of appeals. *See* Wis. Stat. § 809.10(4).

*By the Court.*—The decision of the court of appeals is reversed, and this matter is remanded to the court of appeals for actions consistent with this opinion.

¶ 44. DAVID T. PROSSER, J., and PATIENCE DRAKE ROGGENSACK, J., did not participate.