ORLANDO RESIDENCE, LTD., Plaintiff-Respondent,

v.

Kenneth E. NELSON, Nashville Lodging Company and Susan B. Nelson, Defendants-Appellants,†

NASHVILLE RESIDENCE CORPORATION, Defendant,

ROBERT W. BAIRD & CO., INC. and U.S. Bank National Association, Garnishees.

Court of Appeals

*No. 2012AP1528. Submitted on briefs February 5, 2013. —Decided May 22, 2013.*

2013 WI App 81

(Also reported in 834 N.W.2d 416.)

† Petition for Review filed.

565

On behalf of the defendants-appellants, the cause was submitted on the briefs of *Gary A. Ahrens* of *Michael Best & Friedrich, LLP*, Milwaukee.

On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Jacques C. Condon* of *Hale & Wagner, S.C.*, Milwaukee.

Before Brown, C.J., Neubauer, P.J., and Reilly, J.

¶ 1. REILLY, J. We are called upon in this appeal to decide whether various circuit court orders in aid of execution of a judgment are final in their own right or whether the appeal of those various orders is ripe only after an order is entered declaring that the original judgment has been satisfied in full. This question arises in the context of a decades-long legal fight spanning several states and court systems—state and federal, trial and appellate. Although the first judgment related to this matter was issued in 1990, a series of appeals,

new trials, and collection efforts finally culminated in April 2012 in Wisconsin with the entry of a stipulated order pronouncing that the obligation arising from that 1990 judgment had been "SATISFIED IN FULL." Or so we thought. Following the stipulated satisfaction of judgment, Kenneth E. Nelson, Nashville Lodging Company, and Susan B. Nelson (collectively, the "Nelsons") moved for one more order, which they claimed was needed to relieve them from restrictions placed on their assets and to provide them a means to appeal earlier orders of the court. The circuit court denied their request; the Nelsons appealed.

¶ 2. The Nelsons argue that under Wisconsin law they may appeal an order as a matter of right only when all issues brought before the court have been decided and the court has issued an order declaring it to be final for purpose of appeal. They claim that the circuit court erred when it refused to issue their requested "final" order and found instead that it already had issued a series of final orders subject to immediate review over the course of the proceedings. We agree with and affirm the circuit court.

## BACKGROUND

¶ 3. This case entered Wisconsin in 2007 with the filing of a foreign judgment obtained in Tennessee. Following supplementary proceedings, the circuit court determined the undisputed amount owed on the judgment to be $1,218,512.40 and ordered a turnover of assets owned by the Nelsons. The circuit court order, which was issued on November 18, 2008, contained no statement that it was final for purpose of appeal, although it stayed execution pending appeal under a number of terms and conditions. The Nelsons lost their appeal of that order before this court. *Orlando Resi-*

*dence LTD v. Nelson*, 2010 WI App 19, 323 Wis. 2d 277, 779 N.W.2d 724, Nos. 2008AP2989/2009AP856, unpublished slip op. ¶ 1 (WI App Dec. 30, 2009).

¶ 4. After remittitur for execution on the judgment, the battle reignited. Among the issues that the court was called upon to decide in a series of orders were:

- whether the Nelsons could reduce the amount of the judgment with a different interest calculation,

- whether Orlando was entitled to immediate possession of the Nelsons' real property following purchase at a sheriff's sale,

- whether to end enforcement of the judgment due to time limitations,

- whether to set aside the sheriff's sale of the Nelsons' real property,

- whether Kenneth and Susan Nelson were entitled to homestead rights,

- whether to turn over certain property to Orlando,

- whether to stay the turnover of certain property to Orlando,

- whether to reconsider, clarify, or supplement previous orders,

- whether to extend the period of time for the Nelsons to redeem their real property, and

- whether to vest ownership in Orlando of certain property as a credit against the judgment.

¶ 5. Upon a joint stipulation of the Nelsons and Orlando, a satisfaction of judgment was filed on April 12, 2012, which declared that Orlando's judgment had

been satisfied in full. The Nelsons thereafter moved for a "final order that disposes of the entire matter in litigation as to all parties." The Nelsons argued such an order was necessary to relieve them from the terms of the November 2008 execution order. The court denied the Nelsons' motion on June 22, 2012, determining that the satisfaction of Orlando's judgment relieved the Nelsons from the terms of the execution order and that a final order was not necessary as "[a] series of 'final orders' are already in place." The Nelsons, without surprise, filed a notice of appeal on July 2, 2012.

## STANDARD OF REVIEW

¶ 6. This appeal raises questions of law regarding (1) whether, following the full satisfaction of a judgment, a court must issue an order removing temporary restrictions imposed to aid in satisfaction of that judgment and (2) whether postjudgment proceedings in aid of execution involve only one final order or a series of final orders from which an appeal as a matter of right may be had. We independently review such questions of law. *Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶¶ 13–14, 299 Wis. 2d 723, 728 N.W.2d 670.

## DISCUSSION

*A. No Final Order Is Necessary Following a Satisfaction of Judgment*

¶ 7. As a threshold matter, we consider whether the Nelsons need an order to relieve them from the restrictions placed upon them by the November 2008 execution order. We conclude that they do not. The only restrictions identified by the Nelsons in the execution

order that they would need relief from were terminated by the very terms of that order. The restrictions were aimed at preventing the Nelsons from disbursing assets that could be applied toward Orlando's judgment. To the extent that any subsequent orders extended the restrictions postremittitur, those temporary restrictions ended with the April 2012 satisfaction of judgment.

¶ 8. Thus, the only remaining reason why the Nelsons might need such an order is for an appeal. Such an order is also unnecessary. The Nelsons had an appealable order that brought before this court all prior nonfinal rulings adverse to the Nelsons: the April 2012 stipulated order. *See Haeuser v. Haeuser*, 200 Wis. 2d 750, 757 n.3, 548 N.W.2d 535 (Ct. App. 1996), *overruled in part on other grounds by Kruckenberg v. Harvey*, 2005 WI 43, ¶ 60 n.59, 279 Wis. 2d 520, 694 N.W.2d 879; WIS. STAT. RULE 809.10(4) (2011–12).[1] Accordingly, we review whether any of the prior postremittitur orders are available for appeal at this time. We find that they are not.

B. *The Nelsons May Not Now Appeal the Previous Orders*

¶ 9. WISCONSIN STAT. § 808.03 provides that a party may appeal a final judgment or order of the circuit court as a matter of right unless otherwise provided by law. "A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding." Sec. 808.03(1). To

---

[1] All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

limit confusion over what documents constitute final orders for purpose of appeal, our supreme court required circuit courts starting in September 2007 to include on the face of such an order "a statement . . . that it is final for the purpose of appeal." *Wambolt*, 299 Wis. 2d 723, ¶ 50. The court also has stated that the absence of a statement should not create nonfinality in an otherwise appealable order. *Admiral Ins. Co. v. Paper Converting Mach. Co.*, 2012 WI 30, ¶ 29, 339 Wis. 2d 291, 811 N.W.2d 351. While such a statement may be helpful to litigants in advising them of their right to appeal, it remains our duty to determine whether an order of the circuit court is appealable or not. *Yaeger v. Fenske*, 15 Wis. 2d 572, 573, 113 N.W.2d 411 (1962).

¶ 10. None of the postjudgment orders presented in this appeal include the finality statement required by *Wambolt*. Nor did the language of the orders unambiguously establish that they "disposed of the entire matter in litigation as to one or more of the parties." *Admiral Ins. Co.*, 339 Wis. 2d 291, ¶ 29. The problem in applying such standards to this case is that neither *Wambolt* nor *Admiral Insurance* involved—or even contemplated —orders issued in aid of execution following a final judgment. Postjudgment orders are appealable so long as they could not have been reviewed on an appeal from the judgment itself. *Ver Hagen v. Gibbons*, 55 Wis. 2d 21, 24, 197 N.W.2d 752 (1972). Yet, in postjudgment proceedings, the meaning of what constitutes a "final order for purpose of appeal" is less clear than in the prejudgment context. *Mayer v. Wall St. Equity Grp., Inc.*, 672 F.3d 1222, 1224 (11th Cir. 2012) (per curiam). Our courts have heard appeals from postjudgment orders that do not necessarily end the entire litigation

between the parties, including "[a]n order granting an extension of the period of redemption from a judgment of foreclosure; an order extending the time to settle a bill of exceptions; an order denying the motion to offset the judgment; [and] an order refusing to set aside a cognovit judgment . . . ." *Ver Hagen*, 55 Wis. 2d at 24 (footnotes omitted). Plainly, a standard other than whether the language of an order "disposed of the entire matter in litigation as to one or more of the parties" decides whether a postjudgment order may be appealed as a matter of right.

¶ 11. We find help from federal case law, where appellate jurisdiction also rests on a finding of finality. Federal appellate courts treat postjudgment proceedings as free-standing litigation where the final judgment is the first order in the case and finality is dependent upon resolution of the issues raised in the motion that kicked off the postjudgment proceedings. *Mayer*, 672 F.3d at 1224. Even so, "[f]ederal case law instructs that some, but not all, postjudgment orders are final and therefore appealable." *Luster v. Brinkman*, 250 P.3d 664, 667 (Colo. App. 2010). Appellate review may be required in unique postjudgment proceedings where far-reaching orders do not end the proceedings. *Bogard v. Wright*, 159 F.3d 1060, 1062–63 (7th Cir. 1998).

¶ 12. A general rule first espoused by the United States Supreme Court, and followed by federal courts, provides that an order that "decides the right to the property in contest, and directs it to be delivered up" is final and appealable. *Forgay v. Conrad*, 47 U.S. 201, 204 (1848). This rule is based on the notion that a party will suffer irreparable harm if forced to wait before it can appeal an order involving "an immediate transfer of title to property." *Faysound Ltd. v. Falcon Jet Corp.*, 940

F.2d 339, 343 (8th Cir. 1991). Such a rule is instructive for Wisconsin courts charged with determining the finality for purpose of appeal of orders issued over the course of protracted postjudgment proceedings in aid of execution, as here. Our courts already recognize such a principle in certain special proceedings that involve the transfer of property title, such as probate. *See Sanders v. Estate of Sanders*, 2008 WI 63, ¶¶ 27–29, 310 Wis. 2d 175, 750 N.W.2d 806. Indeed, this principle was at work when we heard the Nelsons' prior appeal. The Nelsons do not adequately explain why the November 2008 order, which also lacked a finality statement and was predicated on motions filed during supplementary proceedings in the execution of the foreign judgment, was appealable but subsequent orders were not.[2]

¶ 13. The Nelsons now argue that postjudgment orders in aid of execution that do not end the entire proceedings, even orders confirming the sale of real estate that may transfer the title to property, are not

---

[2] The Nelsons misstate that the November 2008 order involved only whether Orlando could collect on a foreign judgment and what property was available to satisfy the judgment, whereas the postremittitur orders focused on how much Orlando could collect. To the contrary, the November 2008 order established the amount of the judgment, an issue that the court repeatedly addressed postremittitur at the Nelsons' insistence. The Nelsons also attempt to distinguish the November 2008 order from subsequent orders by the fact that the November 2008 order stayed its own execution "pending appeal," and thus contemplated and conveyed the right to an immediate appeal. The Nelsons fail to point out that this language was inserted at their request after they declared in open court their plan to appeal. Finally, the Nelsons seem to concede that their previous appeal does not fit their current argument by stating, "As an academic exercise, one might dispute whether [the November 2008 order] really was an appealable order, but it is moot because the parties and this Court treated it as such."

final for purpose of appeal. They base their argument on language from *Kenosha Professional Firefighters, Local 414 v. City of Kenosha*, 2009 WI 52, ¶ 26, 317 Wis. 2d 628, 766 N.W.2d 577, where the supreme court pointed to its finding in *Sanders* that an order confirming the sale of real estate was not final for purpose of appeal because it "did not determine the entire matter in litigation between the parties relating to real estate." What the Nelsons ignore is that the sale of the real estate at issue in *Sanders* was conditioned upon the performance of various tasks. *Sanders*, 310 Wis. 2d 175, ¶¶ 8, 29. It was only following completion of those conditions, which occurred after the order confirming sale, that the real estate's sale was considered "complete and final" and could be appealed. *Id.*, ¶ 29. In other words, an appeal settling a real-estate dispute in probate proceedings could not be had until all the conditions of the sale were satisfied so as to effectuate "an immediate transfer of title to property." *See Faysound*, 940 F.2d at 343.

¶ 14. Thus, we believe the proper framework in which to examine the finality of the orders issued by the circuit court over the course of the postjudgment proceedings following remittitur is by focusing on whether the orders resulted in the immediate transfer of title to property. If an order led to such a result, it was a final order for purpose of appeal and the time for review was immediate. Orders that did not transfer title to property, or orders that we have not already declared are final orders for purpose of appeal, are not final and may be open to review at this time. We review only those previous orders that were argued in the Nelsons' brief and included in their appendix. *See* WIS. STAT. RULE 809.19(2)(a).

### September 17, 2010 Hearing

■■

¶ 15. The circuit court held a hearing on September 17, 2010, where it considered the Nelsons' motion to declare the judgment satisfied and void the sheriff's sale of their real estate as well as Orlando's motion for sanctions. The court denied the Nelsons' motion, finding that it was bound by our determination in the appeal of the November 2008 order that the Nelsons had waived their right to challenge the calculation of interest accumulated up to the time preceding that order. The court also denied Orlando's motion for sanctions. The court reserved ruling on the issue of the calculation of interest on the judgment after October 8, 2008. We cannot find, and the Nelsons have not pointed us to, a written order signed by the court that memorialized these rulings or resolved the Nelsons' request to recalculate future interest. A judgment or order must be reduced to writing and filed with the clerk of the circuit court before an appeal can be taken. *Ramsthal Adver. Agency v. Energy Miser, Inc.*, 90 Wis. 2d 74, 75, 279 N.W.2d 491 (Ct. App. 1979). The transcript of the hearing does not satisfy the requirement that a written judgment or order be entered. *See State v. Powell*, 70 Wis. 2d 220, 222, 234 N.W.2d 345 (1975). We cannot hear the Nelsons' appeal of the issues raised at the hearing.

### November 5, 2010 Order

■

¶ 16. The circuit court issued an order on November 5, 2010, denying Orlando's motion to declare it had an immediate right to possession of the Nelsons' real estate sold at a sheriff's sale and directing Orlando to

not interfere with the Nelsons' possession and use of the two parcels. As the prevailing party, the Nelsons cannot seek review of this order. *See* WIS. STAT. RULE 809.10(4).

## *June 6, 2011 Order*

¶ 17. The circuit court issued an order on June 6, 2011, that (1) denied the Nelsons' "motion to dismiss" the judgment, (2) denied the Nelsons' motion to set aside the sheriff's sale, and (3) scheduled an evidentiary hearing on the Nelsons' request for homestead rights. Any appeal now pursued by the Nelsons related to the denial of their request to set aside the sheriff's sale is untimely as the order resulted in the immediate transfer of title to property and was final for purpose of appeal. *See* WIS. STAT. § 808.04. Further, the Nelsons cannot pursue an appeal on the basis that the order scheduled an evidentiary hearing, as the Nelsons ultimately prevailed at that hearing and were awarded homestead rights. *See* WIS. STAT. RULE 809.10(4).

¶ 18. That leaves only the issue of whether the denial of the Nelsons' motion to dismiss remains available to appeal. Unlike the other parts of the order, this denial did not directly result in the immediate transfer of property nor did the Nelsons prevail on the issue. Moreover, denials of motions to dismiss litigation are not considered final orders for purpose of appeal. *Szuszka v. City of Milwaukee*, 15 Wis. 2d 241, 243–44, 112 N.W.2d 699 (1961). However, although labeled a "motion to dismiss," the Nelsons' motion is more properly characterized as a motion for relief from the judgment as it is based on an argument that Orlando

579

was time-barred from pursuing further execution on the judgment or, alternatively, that Orlando had received enough property to satisfy the judgment. *See* WIS. STAT. § 806.07(1)(d), (e), & (g) (permitting relief from a judgment that is "void," that has been "satisfied, released or discharged," or that should no longer "have prospective application" for equitable reasons). We previously have held that, unlike orders denying motions to dismiss, the denial of a § 806.07 motion for relief from judgment can be appealed as a matter of right. *See M. Bryce & Assocs. v. Gladstone*, 88 Wis. 2d 48, 54, 276 N.W.2d 335 (Ct. App. 1979), *overruled in part on other grounds by Brownsell v. Klawitter*, 102 Wis. 2d 108, 112, 306 N.W.2d 41 (1981). Therefore, such an appeal is now untimely. *See* WIS. STAT. § 808.04. We will not review any issues raised by the June 6, 2011 order.

## June 7, 2011 Order

¶ 19. The circuit court signed an order on Orlando's motion on June 7, 2011, transferring judgments held by a Nelson-controlled entity to Orlando and awarding the Nelsons credit against Orlando's judgment. As this order resulted in the immediate transfer of title to property, it was appealable and now is untimely. *See* WIS. STAT. § 808.04.

## December 5, 2011 Order

¶ 20. The circuit court issued an order on December 5, 2011, that (1) denied the Nelsons' motion to stay the proceedings and the turnover of certain property; (2) denied the Nelsons' motion for "reconsideration,

clarification and supplementation" of the orders issued on June 6 and 7, 2011; (3) denied the Nelsons' motion to extend the period of time to redeem their real property; (4) denied the Nelsons' motion to reconsider their request to set aside the turnover order and sheriff's sale; and (5) granted the Nelsons' request for homestead rights. None of these issues can be appealed at this time. The court's denial of the Nelsons' motion to stay the proceedings and the turnover of property is not appealable as the court ruled on the merits of their underlying claims and they should have pursued appeals from those orders that were adverse to them. *See Ver Hagen*, 55 Wis. 2d at 25. Similarly, the Nelsons' motions for reconsideration (including the motion for "reconsideration, clarification and supplementation") are not appealable as they do not raise any issues that would not be considered as part of an appeal from a prior appealable order. *Id.* As the order denying an extension of the period for redemption resulted in a transfer of title, the Nelsons' appeal of that issue is now untimely. *See* WIS. STAT. § 808.04. The Nelsons also may not appeal the order granting them homestead rights as they were the prevailing party. *See* WIS. STAT. RULE 809.10(4). Accordingly, we find no issues to review from the December 5, 2011 order.

*March 23, 2012 Order*

■■■

¶ 21. The circuit court denied a motion by Orlando to apply certain property held by a Nelson-controlled entity to the judgment on March 23, 2012. As the prevailing party, the Nelsons cannot appeal this order. *See* WIS. STAT. 809.10(4).

*April 16, 2012 Order*

■■

¶ 22. On April 16, 2012, the circuit court signed an order releasing funds to Orlando, pursuant to a joint petition from the Nelsons and Orlando, and declaring the judgment "SATISFIED IN FULL." There is no indication that this final payment was paid under protest or that the Nelsons reserved their right to challenge the final amount needed to satisfy the judgment; as such, this order does not present a question for review. *Cf. Lassa v. Rongstad*, 2006 WI 105, ¶ 34, 294 Wis. 2d 187, 718 N.W.2d 673.

## CONCLUSION

¶ 23. The circuit court properly declined to issue an order that was not needed. As Judge Posner observed in a decision issued by the Seventh Circuit more than four years ago, the time has come for this litigation to end. *See Orlando Residence, Ltd. v. GP Credit Co.*, 553 F.3d 550, 558 (7th Cir. 2009).[3]

*By the Court.*—Order affirmed.

---

■■■■

[3] Although bearing a different caption, this federal case involved the same parties as here. The Seventh Circuit in that decision found that GP Credit was the alter ego of our defendant Kenneth Nelson in a case that also stemmed from Orlando's attempt to collect this judgment. *Orlando Residence, Ltd. v. GP Credit Co.*, 553 F.3d 550, 555 (7th Cir. 2009). The court's precise words were: "The time has come to put an end to the defendants' stubborn efforts to prevent Orlando from obtaining the relief to which it is entitled." *Id.* at 558.