COURT OF APPEALS
DECISION
DATED AND FILED

August 19, 2021

Sheila T. Reiff
Clerk of Court of Appeals

**NOTICE**

**This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.**

**A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals.** *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2021AP251**

Cir. Ct. No. **2020TR1774**

STATE OF WISCONSIN

IN COURT OF APPEALS
DISTRICT IV

DODGE COUNTY,

PLAINTIFF-RESPONDENT,

V.

CYNTHIA M. BLANDIN,

DEFENDANT-APPELLANT.

APPEAL from a judgment and an order of the circuit court for Dodge County: MARTIN J. DeVRIES, Judge. *Affirmed*.

¶1      BLANCHARD, P.J.[1]  A motorist violates WIS. STAT. § 346.13(1) by making an unsafe lane deviation and Dodge County has adopted this statute as

---

[1] This appeal is decided by one judge pursuant to WIS. STAT. § 752.31(2)(c) (2019-20). All references to the Wisconsin Statutes are to the 2019-20 version unless otherwise noted.

an ordinance. Cynthia Blandin was ticketed in Dodge County for allegedly violating this traffic regulation. She was convicted at a bench trial. She appeals the judgment of conviction, as well as the circuit court's denial of her motion for judgment notwithstanding the verdict or alternatively for a new trial. Blandin argues that the court committed clear error in making findings that credited some testimony over other testimony, and that proper findings would have revealed that the County failed to establish clear, satisfactory, and convincing evidence of her guilt. In the alternative, Blandin argues that the court erred in denying a post-judgment motion in which she asserted that she had taken the steps necessary to trigger the need for a jury trial. I affirm the judgment and order of the court.

¶2 The County issued Blandin a citation for a violation of Dodge County Ordinance § 7.01 (Aug. 9, 2021), which adopts WIS. STAT. § 346.13(1), for making an unsafe lane deviation.[2] The County alleged that she veered into a semi-truck and trailer while moving from one lane to another on a highway with two lanes traveling in the same direction.

¶3 Blandin entered a plea of not guilty and paid the $36 fee for a jury trial, but as discussed below there is no record that she submitted a written demand for a jury trial. *See* WIS. STAT. § 345.43(1) (if a party pays the jury fee prescribed in WIS. STAT. § 814.61(4) and enters a written demand for a jury trial after pleading guilty, the court shall schedule the case for a jury trial).

---

[2] WISCONSIN STAT. § 346.13(1) provides that "the operator of a vehicle shall drive as nearly as practicable entirely within a single lane and shall not deviate from the traffic lane in which the operator is driving without first ascertaining that such movement can be made with safety to other vehicles approaching from the rear." Blandin does not argue that the circuit court improperly construed the meaning of the phrase "with safety to other vehicles approaching from the rear."

¶4      A little over three months later, the circuit court held a bench trial. Blandin, represented by counsel, participated in the bench trial without making an objection that she had requested or was requesting a jury trial. Witnesses at trial were Blandin, her daughter, Erickson, a sheriff's deputy, and a sheriff's lieutenant.

¶5      It was undisputed at trial that Blandin was driving a car, with her daughter as a passenger, southbound on US Highway 41 in the left lane when she came upon traffic cones arranged to gradually close the left lane. At the same time, also driving southbound on 41, but in the right lane, was Adam Erickson in a semi-truck and trailer. As both vehicles approached the point at which the left lane was completely closed off by the cones, the two vehicles collided in a manner that is itself disputed. As a result of the collision, Blandin's car ended up in the closed left lane (having struck a "closed lane" sign). Erickson's truck came to a stop further down the highway. After an investigation on the scene by two sheriff's deputies, Blandin was cited for unsafe lane deviation.

¶6      Blandin's trial testimony was that she moved a safe distance ahead of Erickson's truck while she was still in the left lane and only then merged to the right. In contrast, Erickson testified that Blandin attempted to move into the right lane before her car was past the front of the truck's tractor unit.

¶7      The circuit court found Blandin guilty of violating WIS. STAT. § 346.13(1) and entered the judgment of conviction on August 19, 2020.

¶8      On September 1, 2020, Blandin filed a motion for judgment notwithstanding the verdict or in the alternative for a new trial. On October 8, 2020, the County filed a response to the motion and both parties made the same arguments to the circuit court that they now make on appeal.

¶9      On December 23, 2020, the circuit court denied Blandin's motion in its entirety.  The court concluded that the evidence of guilt presented at trial was clear, satisfactory, and convincing.  The court also concluded that Blandin's post-judgment motion, whether construed as a motion for judgment notwithstanding the verdict or as a motion to reconsider, failed to undermine determinations that the court made at trial.  In response to Blandin's argument that she was entitled to a jury trial, the court found that there was nothing in the record to show that Blandin filed a written demand to trigger the need for a jury trial, under the requirements in WIS. STAT. § 345.43(1).  On February 4, 2021, Blandin filed a notice of appeal of the judgment of conviction and denial of her post-judgment motion.

¶10      I begin by addressing, and rejecting, the County's argument that this court lacks jurisdiction to consider Blandin's appeal under WIS. STAT. § 808.04 because she filed the notice of appeal on February 4, 2021, which was over 90 days after the circuit court entered the judgment of conviction.  This argument is undeveloped for at least the reason that the County fails to address whether Blandin's post-judgment motion could properly be considered a motion to reconsider, which would extend the time she had to appeal, even though it was labeled as a motion for judgment notwithstanding the verdict.  *See Orlando Residence, Ltd. v. Nelson*, 2013 WI App 81, ¶18, 348 Wis. 2d 565, 834 N.W.2d 416 (determining jurisdiction based on the substantive content of a motion, not based on its label).  A motion for judgment notwithstanding the verdict does not challenge the sufficiency of evidence to support the verdict but instead "'admits for purposes of the motion that the findings of the verdict are true, but asserts that judgment should be granted [to] the moving party on grounds other than those decided by the jury.'"  *Fricano v. Bank of Am. NA*, 2016 WI App 11, ¶19, 366 Wis. 2d 748, 875 N.W.2d 143 (quoted source omitted); *see also* WIS. STAT.

§ 805.14(5)(b). In contrast, Blandin's motion essentially asked the court to reconsider specific findings and conclusions it reached at trial. *See* WIS. STAT. § 805.17(3) (When a motion to reconsider is filed, "the court may amend its findings or conclusions or make additional findings or conclusions and may amend the judgment accordingly."). The fact that Blandin's post-judgment motion substantively amounted to a motion to reconsider is significant here because § 805.17(3) extends the deadline to appeal until after the circuit court rules on a motion to reconsider.[3] *See **Salzman v. DNR***, 168 Wis. 2d 523, 528, 484 N.W.2d 337 (Ct. App. 1992) (explaining that under § 805.17(3), "upon the filing of a motion for reconsideration," the time to file an appeal "does not begin to run until the [circuit] court denies the motion on the record" or "the time for consideration of the motion expires"). Blandin filed the notice of appeal within 90 days after the denial of her post-judgment motion.

¶11 Turning to Blandin's arguments on appeal, she contends that the judgment was not supported by clear, satisfactory, and convincing evidence of guilt. *See* WIS. STAT. § 345.45 (standard of proof for conviction of a violation of a traffic regulation). Boiled down, her argument is that the circuit court committed clear error in finding the material testimony of Erickson to be more credible than the material testimony of Blandin and of her daughter, and that findings that properly credited the latter witnesses' testimony would have compelled a ruling that she was not guilty.

---

[3] The appeal deadline is extended if the motion to reconsider is made no later than 20 days after entry of judgment. *See* WIS. STAT. § 805.17(3) (A party has 20 days after entry of judgment to file a motion to reconsider and the time for initiating appeal begins once the motion is granted or denied). Blandin filed her motion within 20 days after entry of judgment.

¶12   Regardless of whether Blandin's post-judgment motion is properly understood as a motion under WIS. STAT. § 805.14 or WIS. STAT. § 805.17, I review the circuit court's findings of fact under the clearly erroneous standard.[4]  A reviewing court will upset a circuit court's findings of fact only if the findings are "'contrary to the great weight and clear preponderance of the evidence.'" *State v. Popke*, 2009 WI 37, ¶20, 317 Wis. 2d 118, 765 N.W.2d 569 (quoted source omitted).   And, as Blandin appropriately acknowledges, issues regarding the weight of testimony or the credibility of witnesses are to be determined by the trier of fact and "their determination will not be disturbed where more than one reasonable inference can be drawn from credible evidence." *Johnson v. Merta*, 95 Wis. 2d 141, 151, 289 N.W.2d 813 (1980).   Applying these standards, I conclude that there was adequate evidence from which the court could determine that the County met its burden of proof.

¶13   The following is additional pertinent background from trial.  Blandin testified to the following.  She passed Erickson's truck while she was in the left lane and then safely merged into the right lane in front of him.  At the time of her lane change, she was at least 1500 feet (the equivalent of five football fields, excluding end zones) away from the point of complete lane closure.  Immediately

---

[4] As noted, Blandin filed a post-judgment motion for judgment notwithstanding the verdict under WIS. STAT. § 805.14(5)(b), even though her argument was in substance a motion for reconsideration under WIS. STAT. § 805.17(3). *See K & S Tool & Die Corp. v. Perfection Mach. Sales, Inc.*, 2007 WI 70, ¶29, 301 Wis. 2d 109, 732 N.W.2d 792 ("Appellate courts overturn only a clearly erroneous denial of a motion challenging the sufficiency of the evidence."); *see also* § 805.14(1) ("No motion challenging the sufficiency of the evidence as a matter of law to support a verdict, or an answer in a verdict, shall be granted unless the court is satisfied that, considering all credible evidence and reasonable inferences therefrom in the light most favorable to the party against whom the motion is made, there is no credible evidence to sustain a finding in favor of such party."). Regarding a motion to reconsider a circuit court's rulings after a trial to the court, "[f]indings of fact shall not be set aside unless clearly erroneous, and due regard shall be given to the opportunity of the trial court to judge the credibility of the witnesses." Sec. 805.17(2).

after her lane change, Erickson's truck was in the center of the right lane behind her. Blandin did not cut him off. Then, a truck in front of her began to brake, forcing her to brake. At that point, Erickson's tractor unit struck her car from behind. Blandin's daughter testified that their car remained in front of Erickson's truck for "more than thirty seconds" after Blandin's lane change and before the collision.

¶14 Erickson's testimony was quite different. He was driving in the right lane. Blandin was in the left lane. The left lane was gradually closing and Blandin drew close to Erickson's truck in the adjoining lane. This caused Erickson to move from the middle of the right lane to straddle the right shoulder. Erickson hoped that this maneuver would give Blandin sufficient room to "tuck in behind" his trailer so that she could proceed safely behind him in the right lane. While Erickson was straddling the shoulder, Blandin veered into his tractor unit. This collision sent Blandin's car into the closed left lane. The tractor unit's initial impact to Blandin's car occurred near the front of the passenger-side door (not to the rear of her car, as Blandin testified).

¶15 Erickson's testimony was supported by the testimony of one of the officers who responded to the collision, Deputy Nehls. Based on his interviews and review of the evidence, Nehls testified to the conclusion that Blandin deviated from her lane without first ascertaining that it was safe to do so, moving into the right lane and colliding with the front left side of the tractor unit. Nehls testified that, if the collision occurred as Blandin testified, then the damage to her car would have been "centralized" on its rear.

¶16 This evidence easily provided a reasonable basis for the circuit court, as the "'ultimate arbiter of the credibility of a witness,'" to infer that Erickson was

credible, and also provided a reasonable basis to infer that Blandin unsafely deviated from her lane. *See Merta*, 95 Wis. 2d at 152 (quoted source omitted). Further, Blandin fails to present a persuasive argument that the court could not reasonably infer that Blandin unsafely deviated from her lane. I now explain why I reject Blandin's additional arguments to the contrary.

¶17 Blandin asserts that the testimony of Lieutenant Robbie Weinfurter corroborated her testimony. Weinfurter testified that he reviewed the collision-scene photographs, the crash report, and witness statements. Blandin specifically contends that Weinfurter testified that the particular damage noted on the passenger side of her car showed that the collision occurred when the tractor unit struck the rear of the car while moving faster than the car. But this misstates Weinfurter's testimony. He opined that, while this damage indicated that Blandin's car was hit on the passenger side by the force of an object moving from the rear of the car toward its front, this could have resulted from the lug nuts on the wheels of Erickson's truck rotating forward while the two vehicles were next to each other during the collision. Weinfurter further testified to the conclusion that the damage to Blandin's car and its final resting place resulted from Blandin veering into Erickson's truck. More specifically, he testified that, if Erickson struck Blandin's car from the rear at full speed, her car would have "spun out and likely ended up in the median," which did not occur.[5] Weinfurter made a similar

---

[5] In a collateral argument, Blandin contends that the court should not have relied on Weinfurter's testimony because it was based in part on his review of a crash report that he acknowledged to be a "rough description" of the events. I reject this argument on the ground that the record indicates that Blandin failed to make a specific objection in the circuit court to Weinfurter basing part of his opinion on his review of the report. I discern no good reason that would justify allowing Blandin to pursue this argument on appeal, given her failure to preserve it at trial. *See State ex rel. Zignego v. WEC*, 2021 WI 32, ¶33, 396 Wis. 2d 391, 957 N.W.2d 208 (Arguments not raised in the circuit court are normally not considered on appeal.).

point in testifying that, if the events occurred as reflected in a diagram of the collision made by Blandin, which purported to show Erickson's truck striking the rear of Blandin's car, the collision would have resulted in her car going into a "counterclockwise spin and [it] most likely [would have] end[ed] up on the shoulder or further ahead in the lane of travel" than it did.

¶18 Blandin asserts that Erickson was "inconsistent" in his testimony because he testified both that Blandin's car veered into his truck and also that "at least part" of Blandin's car was ahead of Erickson's truck while they were side-by-side just before and at the time of the collision. Blandin appears to think that this supports her assertion that her car was entirely ahead of Erickson's truck before she began to merge into the right lane. However, I discern no inconsistency. If the first point of collision to Blandin's car occurred near the front of the passenger-side door, as Erickson testified, then at least part of the car could have been out ahead of Erickson's truck while the two vehicles were close to driving side-by-side.

¶19 Blandin also argues that Erickson's testimony was not credible because it was undisputed at trial that none of the traffic cones north of the collision site that blocked the left lane were knocked over as a result of the collision of the two southbound vehicles. Blandin contends that Nehls agreed in his testimony that Blandin had to have been "completely" in the right lane to avoid hitting the cones. This misrepresents Nehls's testimony. Nehls testified that, as the cones gradually closed the left lane, Blandin's car could have been "partially" in the left lane as she merged to the right because the arrangement of the cones had not yet fully closed the left lane. Counsel for Blandin showed Nehls a photo of the left lane after the point at which the cones fully closed the left lane, and it was at this point that Nehls testified that Blandin would have needed to have been

"completely" in the right lane to avoid hitting cones. I reject this argument for at least the reason that Blandin fails to identify physical evidence that contradicts Erickson's testimony, as summarized above, which was to the effect that Blandin straddled lanes and only then moved more fully to the right to collide with the tractor unit.

¶20 As a separate argument, Blandin contends that the circuit court improperly denied her the right to a trial by jury, established in our state constitution and by statute.[6] Blandin contends that she fulfilled the statutory requirements that would have made it mandatory for the circuit court to proceed with a jury trial, and therefore it was erroneous for the court to deny her post-judgment motion for a new trial, this time with a jury.

¶21 As noted, WIS. STAT. § 345.43(1) provides that jury trials are required in civil traffic cases as long as either party files a written demand within 10 days after the defendant enters a not guilty plea and as long as the party pays the jury fee "immediately" after entering the plea. *See also* WIS. STAT. § 345.425(2) ("If both parties, in a court of record, request a trial by the court or if neither demands a trial by jury, the right to a trial by jury is waived."). Because WIS. CONST. art. 1, § 5 specifically allows for the right to a jury trial to be waived "in a manner prescribed by law," that right may be "waived" if either the written demand is not timely filed or if the jury fee is not immediately paid. *See Rao v. WMA Sec., Inc.*, 2008 WI 73, ¶22, 310 Wis. 2d 623, 752 N.W.2d 220 (explaining that a party may "waive" the right to a trial by jury by failing to properly assert the

---

[6] WISCONSIN CONST. art. 1, § 5 provides that, "The right of trial by jury shall remain inviolate, and shall extend to all cases at law without regard to the amount in controversy; but a jury trial may be waived by the parties in all cases in the manner prescribed by law."

right, as when the party fails to make a timely jury demand or when the party fails to timely pay the jury fee).

¶22    On appeal, Blandin cites to her not guilty plea and to the summary of the circuit court docket as evidence that she submitted a written demand.  But, as the circuit court pointed out, there is nothing in the docket summary or elsewhere in the record to indicate that Blandin submitted a written demand.  The record reflects only that Blandin entered a not guilty plea and paid the jury fee.  Blandin's assertion that she filed a written demand for a jury trial in the circuit court is unsupported.

¶23    For all of these reasons, I affirm the judgment of conviction and the circuit court's denial of the motion for judgment notwithstanding the verdict.

*By the Court*.—Judgment and order affirmed.

This opinion will not be published.  *See* WIS. STAT. RULE 809.23(1)(b)4.

11