# COURT OF APPEALS OF WISCONSIN
# PUBLISHED OPINION

Case No.:     2022AP1683

††Petition for Review dismissed

Complete Title of Case:


CITY OF NEW LISBON,

PLAINTIFF-RESPONDENT,

V.

MICHAEL W. MULLER,††

DEFENDANT-APPELLANT.



| | |
|---|---|
| Opinion Filed: | November 2, 2023 |
| Submitted on Briefs: | September 14, 2023 |

| | |
|---|---|
| JUDGES: | Kloppenburg, P.J., Graham, and Taylor |

| | |
|---|---|
| Appellant ATTORNEYS: | On behalf of the defendant-appellant, the cause was submitted on the brief of *Michael W. Muller*, pro se. |
| Respondent ATTORNEYS: | On behalf of the plaintiff-respondent, the cause was submitted on the brief of *Nicole Marklein* and *William A. Brookley* of *Cross Jenks Mercer & Maffei LLP*, Baraboo. |

**COURT OF APPEALS**
**DECISION**
**DATED AND FILED**

**November 2, 2023**

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No.     **2022AP1683**

STATE OF WISCONSIN

Cir. Ct. No.  2022CV87

**IN COURT OF APPEALS**

---

CITY OF NEW LISBON,

   PLAINTIFF-RESPONDENT,

 V.

MICHAEL W. MULLER,

   DEFENDANT-APPELLANT.

---

APPEAL from an order of the circuit court for Juneau County:  STACY A. SMITH, Judge. *Affirmed*.

Before Kloppenburg, P.J., Graham, and Taylor, JJ.

¶1     KLOPPENBURG, P.J.   The circuit court issued an order (the "circuit court order") granting summary judgment in favor of the City of New Lisbon (the "City"), permitting the City to raze the building on property owned by Michael W. Muller in the

City (the "property"), and awarding the cost of the razing to the City. *See* WIS. STAT. § 66.0413(1)(a)2. (2021-22) (defining "raze a building" as "to demolish and remove the building and to restore the site to a dust-free and erosion-free condition").[1] The City commenced this action seeking the relief granted in the circuit court order after a City building inspector executing a special inspection warrant found the building on the property to be dangerously in disrepair and unreasonable to repair, and Muller failed to comply with an order issued by the City (the "City order") requiring that Muller raze the building on the property within thirty days of service of the City order.

¶2      Muller, appearing pro se in this court as he did in the circuit court, appeals the circuit court order, arguing that: (1) he was deprived of his constitutional right to a jury trial; (2) the statutory requirements for a special inspection warrant were not satisfied and, therefore, his Fourth Amendment rights were violated when the City's building inspector inspected the property without his permission; and (3) he was denied his statutory "right" to make repairs in order to correct any alleged violations.

¶3      As a threshold matter, the City asserts that this court "may lack jurisdiction" over this appeal because the circuit court order, which provides that the City "is awarded the cost of the razing to be approved by the Court after completion," is not final and does not state that it is final for purposes of appeal. We conclude that the circuit court order is a final order because it disposes of the entire matter in litigation between the parties by granting the City all of the relief that the City requested. Accordingly, this court has jurisdiction over Muller's appeal of the circuit court order.

¶4      As to the merits of Muller's arguments, we conclude that Muller was not deprived of his constitutional right to a jury trial because, pursuant to applicable state

---

[1] All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

statutes, he failed to present evidence showing disputed issues of material fact for a jury to decide. We further conclude that Muller's Fourth Amendment rights were not violated because the statutory requirements for a special inspection warrant to be issued and executed were satisfied. We also conclude that Muller had no statutory "right" to make repairs to the building because it is undisputed that the cost to repair the building would exceed 50% of the building's value, which, under the statutes he cites, renders the repairs unreasonable and authorizes an order requiring that the building be razed without providing the owner an opportunity to make repairs. Accordingly, we affirm the circuit court order granting the City's motion for summary judgment and permitting the City to raze the building on the property at Muller's expense.

## BACKGROUND

¶5      The following facts are taken from the affidavits that were submitted by the City in support of its motion for summary judgment, and from documents attached to the complaint that were not disputed by Muller in his answer. As noted in greater detail below, Muller did not present any evidence to support the arguments in his brief opposing the City's motion.

¶6      The property is located at 402 and 404 South Washington Street in the City. Muller, the owner of the property, lives in California and has not been to the property since at least the start of the COVID-19 pandemic in 2020.

¶7      Before September 2021, the City received complaints of rats entering and exiting the property, determined that the property no longer had running water, and observed dilapidated and hazardous conditions on the property. On September 2 and September 29, 2021, the City sent Muller letters by certified mail informing him of the alleged condition of the property and seeking permission to conduct an inspection. Muller

did not respond to the City's letters. The City submitted to the circuit court an affidavit seeking a special inspection warrant, which the court issued on January 28, 2022.

¶8     Upon executing the special inspection warrant on January 28, 2022, the building inspector observed and documented numerous dilapidated and hazardous conditions throughout and around the building on the property, found the building to be in disrepair, and determined that the cost of repairing the building would greatly exceed 50% of its value. On March 28, 2022, the City issued Muller an order to raze the building on the property within thirty days of service of the City order. Muller was personally served with the City order on April 7, 2022. Muller failed to comply with the City order, and, on May 19, 2022, the City filed suit alleging that Muller had maintained the property in a dangerous condition of disrepair in violation of City ordinances, the violations constituted a public nuisance, Muller had notice of and failed to abate the public nuisance, and the cost of repairs would be unreasonable. The City sought an order permitting the City to raze the building on the property.

¶9     In August 2022, the City filed a motion for summary judgment, supported by affidavits, seeking an order from the circuit court permitting the City to raze the building on the property. At the time that the City filed the motion, the condition of the property had "not substantially changed" since the inspection in January 2022. Muller filed a jury demand and a brief opposing the City's motion for summary judgment; as stated, Muller did not file any supporting affidavits or other evidentiary materials.

¶10     The circuit court held a hearing on the City's motion for summary judgment and subsequently issued an order that granted the motion for the reasons stated at the hearing. The circuit court order also prohibited Muller from making additional repairs on the property, permitted the City to raze the building on the property and to restore the real

estate, and awarded the City the cost of the razing, as approved by the court after completion.

¶11    This appeal follows.

## DISCUSSION[2]

¶12    To provide context for the analysis that follows, we briefly summarize the statutory scheme regarding raze orders.  The legislature has provided at least two complementary paths to the issuance of a raze order.  As summarized above, the City followed the first path to issue the City order and the second path to obtain the circuit court order.

¶13    Under WIS. STAT. § 66.0413(1)(b)1., a municipality may order the owner of a building to raze the building if the building "is old, dilapidated, or out of repair and consequently dangerous, unsafe, unsanitary, or otherwise unfit for human habitation and unreasonable to repair."  A building described in § 66.0413(1)(b)1. is presumed to be unreasonable to repair if the municipal building inspector "determines that the cost of repairs … would exceed 50 percent of the" building's value.  Sec. 66.0413(1)(c).  If the owner fails to comply with a raze order within the time specified in the order, the municipality may file an action to enforce the order in circuit court.  Sec. 66.0413(1)(f) and (g).

---

[2] We note that the City includes in its Table of Authorities only some of the legal authority that it cites in its brief.  Specifically, it includes only case law and not statutes.  WISCONSIN STAT. RULE 809.19(1)(a) requires that a brief include "a table of cases arranged alphabetically, statutes and other authorities cited with reference to the pages of the brief on which they are cited."  We remind counsel that this is a high-volume court.  *State v. Bons*, 2007 WI App 124, ¶21, 301 Wis. 2d 227, 731 N.W.2d 367. Compliance with the Rules of Appellate Procedure is not optional and is essential to the timely performance of our duties.  *See Keplin v. Hardware Mut. Cas. Co.*, 24 Wis. 2d 319, 324, 129 N.W.2d 321 (1964).

¶14     Under WIS. STAT. § 823.21, a building that is "so old, dilapidated or out of repair as to be dangerous, unsafe, unsanitary or otherwise unfit for human habitation or has been determined to be unreasonable to repair under [WIS. STAT. §] 66.0413(1)(b)1." is a public nuisance that "may be proceeded against under [WIS. STAT. ch. 823]." Under WIS. STAT. § 823.01, a city may "maintain an action to recover damages or to abate a public nuisance … and to obtain an injunction to prevent the same." Under WIS. STAT. § 823.03-04, the circuit court may order relief including, but not limited to, abatement and removal of the nuisance at the owner's expense.[3]

¶15     As stated, here it is undisputed for purposes of summary judgment that Muller maintained the property, including the building on the property, in a dangerous condition of disrepair so as to constitute a public nuisance, that Muller had notice of and failed to abate the public nuisance, and that the cost to repair the building would be unreasonable. Accordingly, the circuit order issued an order permitting the City to raze the building on the property at Muller's expense.

### I. Appellate Jurisdiction

¶16     After Muller filed his appellant's brief in this appeal, the City filed a motion for summary disposition "due to lack of jurisdiction," asserting that the circuit court order appealed by Muller is not final. This court issued an order denying the motion and directing the parties to address this court's jurisdiction as the first issue in their response and reply briefs. In its response brief, the City asserts that this court "may not have jurisdiction" because the circuit court did not enter a final order or judgment disposing of the entire matter in litigation as to one or more of the parties. Muller did not file a reply brief or

---

[3] The City in its complaint cited WIS. STAT. § 823.114(1) in support of its request for an order permitting it to raze the building on the property. We observe that that section addresses the abatement of a public nuisance created by a "drug or criminal gang house" as described in WIS. STAT. § 823.113 and, therefore, does not appear to apply here.

otherwise respond to this court's order. We decline to deem Muller to have conceded the issue of jurisdiction, *see* **United Cooperative v. Frontier FS Cooperative**, 2007 WI App 197, ¶39, 304 Wis. 2d 750, 738 N.W.2d 578 (appellant's failure to respond in reply brief to an argument made in response brief may be taken as a concession), particularly in light of the ambivalent nature of the City's assertion in its response brief that this court "may not have jurisdiction" over this appeal and its conclusory analysis of the issue. We now proceed to explain our conclusion that we have jurisdiction because the circuit court order, which grants the City all of the relief that it requested, is a final order.

## A. Applicable Legal Principles and Standard of Review

¶17     "[T]his court lacks jurisdiction over an appeal brought from a nonfinal judgment or order." **Leske v. Leske**, 185 Wis. 2d 628, 630, 517 N.W.2d 538 (Ct. App. 1994); *see also* WIS. STAT. § 808.03(1) ("A final judgment or a final order of a circuit court may be appealed as a matter of right to the court of appeals ….").[4]

¶18     "A final judgment or final order is a judgment, order or disposition that disposes of the entire matter in litigation as to one or more of the parties, whether rendered in an action or special proceeding." WIS. STAT. § 808.03(1). Our supreme court has explained that a final order or judgment as defined in § 808.03(1) is an order or judgment that "terminates the litigation on the merits and leaves nothing to be done but to enforce by execution what has been determined." **Shuput v. Lauer**, 109 Wis. 2d 164, 169, 325 N.W.2d 321 (1982) (quoted source omitted). The court has more recently restated the

---

[4] As stated, under WIS. STAT. § 808.03(1), a final order or judgment may be appealed as a matter of right within the statutory time period specified. **Shuput v. Lauer**, 109 Wis. 2d 164, 169, 325 N.W.2d 321 (1982). Nonfinal orders or judgments, also referred to as intermediate or interlocutory orders or judgments, "are not final judgments or orders appealable as a matter of right" under § 808.03(1). **Id.** Rather, nonfinal orders or judgments may be appealed prior to a final judgment only "upon leave granted by the court." Sec. 808.03(2); **Shuput**, 109 Wis. 2d at 169. Muller did not petition for leave to appeal the circuit court order here under § 808.03(2).

requirement that a final order or judgment terminate the litigation on the merits as a requirement that the order or judgment "explicitly dispose of the entire matter in litigation" by dismissing or adjudging all "substantive issues," meaning all legal issues, between the parties. *Admiral Ins. Co. v. Paper Converting Mach. Co.*, 2012 WI 30, ¶¶27, 31, 34-36, 339 Wis. 2d 291, 811 N.W.2d 351; *see also* *Wambolt v. West Bend Mut. Ins. Co.*, 2007 WI 35, ¶39, 299 Wis. 2d 723, 728 N.W.2d 670 (stating that, "in order to 'dispose' of [a] matter under § 808.03(1)," an order or judgment "must contain an explicit statement either dismissing the entire matter in litigation or adjudging the entire matter in litigation as to one or more parties").

¶19    A final order or judgment does more than merely decide the issues in a matter; it declares or pronounces the consequences of its decision so as to terminate, or in other words dispose of, the matter as to one or more parties. *See Adjudge*, Dictionary.com, https://www.dictionary.com/browse/adjudge (last visited Oct. 27, 2023) (defining "adjudge" as "to declare or pronounce formally"); *see also* *Wambolt*, 299 Wis. 2d 723, ¶36 ("We have consistently articulated the test for a document's finality in terms of 'dispose' rather than 'decide.'").

¶20    Additionally, for the sake of clarity, our supreme court has required that "final orders and final judgments state that they are final for purposes of appeal." *Admiral*, 339 Wis. 2d 291, ¶28; *Wambolt*, 299 Wis. 2d 723, ¶44.

¶21    However, the court has also qualified that "neither the label of a document nor the subsequent actions taken by the circuit court is dispositive of that document's finality under [WIS. STAT. §] 808.03(1)." *Wambolt*, 299 Wis. 2d 723, ¶30 (addressing the requirement that the document contain explicit language that disposes of the entire matter in litigation); *see also* *Admiral*, 339 Wis. 2d 291, ¶29 (the absence of a finality statement is not dispositive when the order or judgment unambiguously disposes of the entire matter

in litigation between the parties). Rather, because "there may be final orders and judgments that arguably dispose of the entire matter in litigation as to one or more of the parties, but which do not contain a clear statement that they are the documents from which appeal of right may follow … the appropriate course is to liberally construe documents in favor of timely appeals." *Wambolt*, 299 Wis. 2d 723, ¶46.

¶22 Whether the circuit court order is a final order or judgment for the purposes of appeal is a question of law subject to our independent review. *Id.*, ¶14.

### B. The Circuit Court Order

¶23 The circuit court order begins by reciting the appearances at the hearing on the summary judgment motion and then continues as follows:

> The Court having read the briefs and submissions of the parties and having heard the oral arguments of the parties and having made its ruling on the record, which ruling is incorporated herein;
>
> IT IS HEREBY ORDERED that:
>
> 1. For the reasons stated on the record, the Plaintiff's motion for summary judgment is GRANTED;
>
> 2. Defendant is prohibited [from] performing additional repairs on the Property identified in the Complaint located at 402 and 404 South Washington Street in New Lisbon, Wisconsin ("Property");
>
> 3. Plaintiff is permitted to enter the real estate containing the Property [at] a date and time convenient for it to raze the Property and restore the real estate;
>
> 4. Plaintiff is awarded the cost of the razing to be approved by the Court after completion.

¶24 In the "ruling" referenced in the circuit court order, the court determined that Muller failed to dispute the facts set forth in the City's affidavits supporting its motion because Muller did not submit any affidavits showing that he or anyone else worked on the

9

property or that any of the conditions described in the inspection report were repaired since the City sent the request for consent letters. The court referenced the following undisputed facts based on the City's affidavits. The City's letters—seeking Muller's consent to inspection of the property and informing him that, if consent was not granted, the City would obtain an inspection warrant—were sent by certified mail to Muller. The court issued the inspection warrant based on a City officer's affidavit detailing the citizen complaints of rats on the property, the City's records showing that the property did not have running water, the City's observations of dilapidated and hazardous conditions on the property, and Muller's failure to respond to the City's efforts to contact him about the property. The inspection report described and attached pictures of numerous conditions that rendered the building on the property dangerous and uninhabitable and which required major repairs, the cost of which would greatly exceed 50% of the building's value. Muller had almost a year to try to make repairs from when the September 2021 request for consent letters were sent to when the City filed its complaint attaching the inspection report in August 2022. The time for making any repairs had passed. After stating these undisputed facts, the court said that it was granting the City's motion for summary judgment and that it "will enter a raze order," Muller "cannot … fix up the property," and Muller "will be responsible for the costs."

## C. Analysis

¶25    By its terms, the written circuit court order explicitly disposes of the entire matter in litigation between the parties. The circuit court order explicitly authorizes the City to "enter the real estate containing the Property," "to raze the Property," and to "restore the real estate" at Muller's expense, as the City requested in its complaint. Thus, the circuit court order grants the City all of the relief that it requested, and leaves only the execution of its order authorizing the City to raze the building on the property at Muller's expense to be enforced. *See* **Shuput**, 109 Wis. 2d at 169.

¶26    Moreover, this is not a case in which a written order purports to dispose of the entire matter in litigation, but does not actually do so because substantive issues remain for the court's determination.  *See Admiral*, 339 Wis. 2d 291, ¶31.  In the course of its oral ruling, the court addressed and rejected Muller's arguments in opposition to the City's request for relief, specifically, his challenge to the execution of the inspection warrant without his consent, and his implicit argument that he should be given the opportunity to repair the property.

¶27    A closer review of the opinion in *Admiral*, 339 Wis. 2d 291, is instructive here.  In that case, Admiral timely appealed the circuit court's judgment providing that it was a final judgment for purposes of appeal.  *Id.*, ¶18.  However, the circuit court had issued an earlier decision and order granting the defendant's motion for summary judgment and dismissing the case, and Admiral's appeal was not timely as to that decision and order.  *Id.*, ¶¶16, 20.  Thus, the question before the supreme court was whether the circuit court's earlier decision and order was a final order for purposes of appeal.  *Id.*, ¶22.

¶28    The supreme court noted that the earlier decision and order stated, "The court hereby orders this case dismissed."  *Id.*, ¶30.  The court continued, "On its face, that language explicitly disposes of the entire matter in litigation between the parties."  *Id.*  However, neither the summary judgment motion nor the decision and order addressed the defendant's counterclaim for attorney fees.  *Id.*, ¶32.  The supreme court noted that, generally, the pendency of a claim for attorney fees does not affect the finality of a judgment that disposes of the matter in litigation.  *Id.*, ¶33 & n.13, n.14.  In each of the cases cited by the court, the claim was made under a specific fee-shifting statute.  *Id.*  However, in the case before it, the defendant's claim was not based on a fee-shifting statute or on another clearly stated legal theory.  *Id.*, ¶35.  Under the circumstances, the court could not rule out the possibility that the counterclaim presented a substantive legal issue that remained unresolved.  *Id.*  The court concluded that the pendency of that legal issue

rendered the decision and order, which "arguably disposed of the entire matter in litigation between the parties," ambiguous. ***Id.*** Accordingly, the court "construe[d] it as nonfinal, pursuant to our policy of construing any ambiguity to preserve the right of appeal." ***Id.***, ¶36.

¶29 Here, as stated, the only issue pending is the calculation of the cost of razing. All legal issues regarding whether the City is entitled to raze the building on the property at Muller's expense, as it requested, are resolved, and the parties' rights "adjudge[d]," *see **id.***, ¶27, in the circuit court order. By granting all of the relief that the City requested, the circuit order unambiguously disposes of the entire matter in litigation between the City and Muller and, therefore, is final under WIS. STAT. § 808.03(1).

¶30 The City asserts, without elaboration, that the circuit court order is not final in two respects: it does not state that it is final for purposes of appeal; and it provides that there will be further proceedings pertaining to the court's approval of the City's razing cost at which time the court will enter a "final monetary judgment." However, neither alters our application of WIS. STAT. § 808.03(1).

¶31 As stated above, that the circuit court order does not state that it is final for purposes of appeal is not dispositive of whether it is final for those purposes. *See **Orlando Residence, Ltd. v. Nelson***, 2013 WI App 81, ¶9, 348 Wis. 2d 565, 834 N.W.2d 416 ("[T]he absence of a statement should not create nonfinality in an otherwise appealable order.") (citing ***Admiral Ins. Co.***, 339 Wis. 2d 291, ¶29).

¶32 Similarly, that the circuit court order qualifies that the award of the cost of razing is to be approved after the razing is completed is not dispositive of whether it is a final order. As we have explained, the circuit order explicitly grants the City all of the relief it requested. All that remains is the execution of the circuit court order, namely the razing at Muller's expense and the calculation of the cost of the razing. Under the law

cited above, that both of these acts are to take place after the circuit court order does not affect its finality.

¶33    Our conclusion is supported by case law ruling that the pendency of a claim for attorney fees under a specific legal provision does not affect the finality of a judgment that disposes of the matter in litigation.  *See **Admiral***, 339 Wis. 2d 291, ¶33.  For example, in ***McConley v. T.C. Visions***, 2016 WI App 74, ¶1, 371 Wis. 2d 658, 885 N.W.2d 816, the plaintiff appealed an order granting summary judgment and dismissing his complaint against the defendant.  After entry of the dismissal order, the defendant moved for an assessment of attorney fees based on the contracts between the parties that allowed the prevailing party in any litigation relating to the contracts to recover reasonable attorney fees.  *Id.*  This court considered whether the appeal of the dismissal order was taken from a final order appealable under WIS. STAT. § 808.03(1) notwithstanding the pending claim for attorney fees.  *Id.*  Concluding that "the pending claim for attorney fees [did] not preclude the dismissal order from being a final order appealable as of right," this court explained that "[i]t remains a 'longstanding holding that the pendency of a claim for costs and fees does not affect the appealability of a judgment that otherwise disposes of the matters in litigation.'"  *Id.*, ¶¶1, 9 (quoting ***Admiral***, 339 Wis. 2d 291 ¶33 n.14).

¶34    Wisconsin courts have reached a similar conclusion in foreclosure proceedings, ruling that a foreclosure judgment is final even though a confirmation of the sale resulting from the judgment has yet to occur.  *See **Anchor Sav. & Loan Ass'n v. Coyle***, 148 Wis. 2d 94, 101, 435 N.W.2d 727 (1989) (holding that a foreclosure judgment is final and appealable because "[t]he proceedings after the judgment of foreclosure … 'are analogous to the execution of a judgment and simply enforce the parties' rights which have been adjudicated" (quoting ***Shuput***, 109 Wis. 2d at 173)).

¶35 We do not discern a meaningful distinction between the pendency of the calculation of the cost of razing from the pendency of the calculation of attorney fees or the confirmation of a foreclosure sale, in terms of the effect on the finality of the circuit court order. In sum, we conclude that the circuit court order here is final and, therefore, that we have jurisdiction over this appeal.[5]

## II. Muller's Arguments Against Summary Judgment

¶36 We now address Muller's challenges to the circuit court order granting the City's motion for summary judgment. To repeat, he makes three challenges, concerning his right to a jury trial, the special inspection warrant, and his right to make repairs.[6]

¶37 Summary judgment shall be granted "if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law." WIS. STAT. § 802.08(2). "When a motion for summary judgment is made and supported … an adverse party may not rest upon the mere allegations or denials of the pleadings but the adverse party's response, by affidavits … must set forth specific facts showing that there is a genuine issue for trial." Sec. 802.08(3). Affidavits in support of a motion for summary judgment "shall be made on personal knowledge and shall set forth such evidentiary facts as would be admissible in evidence." Sec. 802.08(3).

---

[5] In light of our conclusion, we reiterate the directive in *Wambolt v. West Bend Mutual Insurance Co.*, 2007 WI 35, ¶4, 299 Wis. 2d 723, 728 N.W.2d 670, that a raze order such as that issued here contain a statement on the face of the document that it is final for purposes of appeal.

[6] The City argues that Muller's second challenge concerning the inspection warrant may be barred as untimely, and that Muller's third challenge concerning his right to make repairs is barred as untimely, because Muller did not timely challenge the City order to raze the building on his property under WIS. STAT. § 66.0413(1)(h). Section 66.0413(1)(h) provides that a person affected by a raze order may, within 30 days of service of the raze order, "apply to the circuit court for an order restraining the building inspector … from razing the building or forever be barred." We do not address this argument because we affirm the circuit court order on other grounds.

¶38 We review a grant of summary judgment independently, using the same methodology as the circuit court. ***Pertzsch v. Upper Oconomowoc Lake Ass'n***, 2001 WI App 232, ¶7, 248 Wis. 2d 219, 635 N.W.2d 829. In determining whether there are any genuine issues of material fact—meaning "a reasonable jury could return a verdict for the nonmoving party"—"we construe all facts and reasonable inferences in the light most favorable to the nonmoving party." ***Baxter v. DNR***, 165 Wis. 2d 298, 312, 477 N.W.2d 648 (Ct. App. 1991); ***Thomas ex rel. Gramling v. Mallett***, 2005 WI 129, ¶4, 285 Wis. 2d 236, 701 N.W.2d 523. However, "the mere existence of some alleged factual dispute between the parties will not defeat an otherwise properly supported motion for summary judgment; the requirement is that there be no genuine issue of material fact." ***Baxter***, 165 Wis. 2d at 312 (emphasis and quoted source omitted).

## A. Right to Jury Trial

¶39 Muller argues the circuit court deprived him of his constitutional and statutory right to a trial by jury. He specifically asserts that he is entitled to a jury trial on the issue of whether he was served with the City order to raze the building on the property.

¶40 Muller's claim fails because he did not file any affidavits or other evidentiary material either to support the arguments and factual assertions he made in his circuit court brief and at the hearing in opposing the City's summary judgment motion, or otherwise to dispute the facts presented in the City's affidavits supporting the City's motion and request for relief. Regarding his specific identification of a jury issue, whether he was served with the City order, the City presented sworn documents certifying that Muller was personally served with the City order, and Muller did not present any evidence to the contrary. Thus, there was no triable issue of material fact on any issue to present to a jury. *See **Maynard v. Port Publ'ns, Inc.***, 98 Wis. 2d 555, 562-63, 297 N.W.2d 500 (1980) ("The moving party must 'establish a record sufficient to demonstrate to the satisfaction of the court that there

is no triable issue of material fact on any issue presented.'" (quoting ***Heck & Paetow Claim Serv., Inc. v. Heck***, 93 Wis. 2d 349, 356, 286 N.W.2d 831 (1980))).

¶41     While Muller is a pro se litigant for whom "some leniency may be allowed," ***Waushara County v. Graf***, 166 Wis. 2d 442, 452, 480 N.W.2d 16 (1992), "neither a [circuit] court nor a reviewing court has a duty to walk *pro se* litigants through the procedural requirements or to point them to the proper substantive law." ***Id.***

¶42     The summary judgment statutes cited above explicitly allow controversies to be resolved without a jury trial when there are no disputed material facts, because there is nothing to try. *See* ***Lasky v. City of Stevens Point***, 220 Wis. 2d 1, 5, 582 N.W.2d 64 (Ct. App. 1998); ***Rollins Burdick Hunter, Inc. v. Hamilton***, 101 Wis. 2d 460, 470, 304 N.W.2d 752 (1981) ("The purpose of the summary judgment procedure is not to try issues of fact but to avoid trials where there is nothing to try."). Here, because Muller did not submit any affidavits placing material facts in dispute, he fails to show that he was deprived of his right to a jury trial.

### B.  Special Inspection Warrant

¶43     Muller argues that the statutory requirements for a special inspection warrant to be issued pursuant to WIS. STAT. § 66.0119(2) were not satisfied and, therefore, his rights under the Fourth Amendment of the United States Constitution were violated when the building inspector inspected the property without Muller's permission. Assuming without deciding that the validity of the special inspection warrant is a defense to the entry of a circuit court order in a case like this, we explain why we reject Muller's argument that the special inspection warrant here was invalid.

¶44     The Wisconsin legislature has authorized the issuance of a special inspection warrant for such purposes as "health" and "safety," with the qualification that, "for

16

inspection of personal or real properties which are not public," an inspection warrant may be issued "only upon showing that consent to entry for inspection purposes has been refused." WIS. STAT. § 66.0119(1)(a), (2). Muller argues that he "never refused an inspection."

¶45 It is undisputed that, on September 2 and September 29, 2021, the City sent by certified mail letters to Muller seeking Muller's consent to inspect the property. Each letter asked Muller to sign and return an attached "Letter of Consent" in the enclosed self-addressed stamped envelope, provided the names and phone numbers of two persons Muller could contact with questions, and informed Muller that, "If consent is not granted, the City of New Lisbon shall have the right to pursue actions to obtain an Inspection Warrant." The City received no response from Muller. About four months after the City sent Muller the second letter seeking his consent, the City sought the special inspection warrant on January 19, 2022, obtained the warrant on January 28, 2022, and conducted the inspection pursuant to the warrant that same day.

¶46 We understand Muller to be arguing that his failure to respond to the letters does not establish his refusal to consent. To address Muller's argument, we must discern the meaning of the word "refused" as used in WIS. STAT. § 66.0119(2). "'The interpretation and application of statutes present questions of law that we review independently.'" *Brey v. State Farm Mut. Auto. Ins. Co.*, 2022 WI 7, ¶9, 400 Wis. 2d 417, 970 N.W.2d 1 (quoted source omitted). Statutory interpretation "'begins with the language of the statute.' If the meaning of the language is plain, our inquiry ordinarily ends." *Id.*, ¶11 (quoted source omitted). We give statutory language its common, ordinary and accepted meaning. *State ex rel. Kalal v. Circuit Ct. for Dane Cnty.*, 2004 WI 58, ¶45, 271 Wis. 2d 633, 681 N.W.2d 110.

¶47     Here, the legislature does not define the word "refuse" in the statute. *See* WIS. STAT. § 66.0119.    However, the word is generic and capable of a common understanding. *See **Kalal***, 271 Wis. 2d 633, ¶45.  As guidance, we consult case law that "may illumine how we have previously interpreted or applied the statutory language" at issue. ***Belding v. Demoulin***, 2014 WI 8, ¶16, 352 Wis. 2d 359, 843 N.W.2d 373. Analyzing a separate statute, our supreme court defined the word "refuse" as an "unwillingness to do, accept, give, or allow." ***Kalal***, 271 Wis. 2d 633, ¶54 (citing *The American Heritage Dictionary of the English Language* 1519 (3d ed.1992)).  The court further explained that a refusal "may be proven directly or circumstantially by inferences reasonably drawn from words and conduct" and "can be open and explicit, as in a statement to that effect, or it can be indirect and inferred, as in a long silence or period of inaction." ***Id.***, ¶55.

¶48     Applying this common definition to the undisputed facts here, we conclude that, although Muller did not expressly refuse entry for inspection, his four-month-long silence and period of inaction gave rise to the only reasonable inference that Muller refused to consent to entry for inspection.  Muller does not explain how his failure to respond to the letters supports a reasonable inference to the contrary.  Accordingly, he fails to show that the statutory requirements under WIS. STAT. § 66.0119(2) for the City to obtain and execute a special inspection warrant were not satisfied, such that the City conducted the inspection in violation of his constitutional rights.

### C.  Right to Make Repairs

¶49     Muller argues that he was denied his right to make repairs and otherwise correct any alleged violations pursuant to WIS. STAT. § 66.0413(1)(b)1.

¶50     Pursuant to WIS. STAT. § 66.0413(1)(b)1., "if a building is old, dilapidated, or out of repair and consequently dangerous, unsafe, unsanitary, or otherwise unfit for

18

human habitation and unreasonable to repair," the municipality may "order the owner of the building to raze the building or, if the building can be made safe by reasonable repairs, order the owner to either make the building safe and sanitary or to raze the building, at the owner's option." Under § 66.0413(1)(c), "if a [municipality] determines that the cost of repairs of a building … would exceed 50 percent of the [building's value], the repairs are presumed unreasonable…." In other words, "[t]here is a general presumption that repairs are unreasonable when the municipality or its designee determines that the cost to repair a building would exceed fifty percent of the [building]'s value." ***Auto-Owners Ins. Co. v. City of Appleton***, 2017 WI App 62, ¶12, 378 Wis. 2d 155, 902 N.W.2d 532. Thus, an owner has a statutory right to elect to repair a building rather than raze it only if the cost of the repairs is less than 50% of the building's value.

¶51     In this case, the City's determinations that the building on the property was "out of repair" and that repairs could not be reasonably made are undisputed. The City filed affidavits establishing that the building was in a dangerous state of disrepair and that the cost of repair exceeded 50% of its value. Muller did not file any affidavits contradicting the City's determinations. Accordingly, Muller had no right to make repairs under WIS. STAT. § 66.0413(1)(b)1.

## CONCLUSION

¶52     For the reasons stated above, we conclude that the circuit court order granting the City's motion for summary judgment and permitting the City to raze the building on Muller's property at Muller's expense is a final order, and we affirm the order.

*By the Court.*—Order affirmed.

19