Wisconsin PROFESSIONAL POLICE ASSOCIATION, Inc.
and James J. Palmer, Plaintiffs-Appellants,

v.

Wisconsin COUNTIES ASSOCIATION and Mark
O'Connell, Defendants-Respondents.

Court of Appeals

*No. 2014AP249. Submitted on briefs August 18, 2014.
—Decided September 18, 2014.*

2014 WI App 106

(Also reported in 855 N.W.2d 715.)

On behalf of the plaintiffs-appellants, the cause was submitted on the briefs of *Roger W. Palek* and *James L. Palmer*, Madison.

On behalf of the defendants-respondents, the cause was submitted on the brief of *Andrew T. Phillips, Daniel J. Borowski*, and *Patrick C. Henneger* of *Phillips Borowski, S.C.*, Mequon.

A nonparty brief was filed by *Kendall W. Harrison* and *Jodi E. Jensen* of *Godfrey & Kahn, S.C.*, Madison, for Wisconsin Counties Association.

Before Lundsten, Higginbotham and Kloppenburg, JJ.

¶ 1. KLOPPENBURG, J.   Wisconsin Professional Police Association, Inc. and James Palmer (the Police Association) appeal an order granting the motion filed by Wisconsin Counties Association and Mark O'Connell (the Counties Association) for summary judgment and

dismissing the Police Association's complaint. The Police Association's complaint sought a declaration that the Counties Association is subject to Wisconsin's public records law[1] and that the Counties Association violated that law, a mandamus order directing the Counties Association to produce records requested by the Police Association pursuant to that law, and an award of attorney's fees, damages, punitive damages, and costs. The circuit court dismissed the complaint on the ground that the public records law imposes record inspection and production duties only on an "authority," as defined in WIS. STAT. § 19.32(1), and the Counties Association, as an unincorporated association, "quite clearly does not fall within" that definition. We agree with the circuit court's analysis and affirm.

## DISCUSSION

██ ██

¶ 2.    The relevant facts are undisputed. The Police Association is a not-for-profit labor organization, and the Counties Association is an unincorporated not-for-profit association. The Police Association submitted to the Counties Association two requests for records pursuant to the public records law. The Counties Association responded that the public records law "does not apply to the Wisconsin Counties Association." The Police Association sued to enforce the public records law against the Counties Association. The parties filed cross-motions for summary judgment. As noted above, the circuit court granted the Counties Association's motion for summary judgment and dismissed the Police Association's complaint. The Police Association appeals,

---

[1] WIS. STAT. § 19.31 (2011–12) *et seq.* All references to the Wisconsin Statutes are to the 2011–12 version unless otherwise noted.

contending that the circuit court erroneously "held that [the Counties Association] does not constitute an 'authority' for the purpose of Wisconsin's" public records law.

¶ 3.  Determining whether the Counties Association is an "authority" under the public records law is a matter of statutory interpretation, which presents a question of law that we review de novo. *State v. Beaver Dam Area Dev. Corp.*, 2008 WI 90, ¶ 28, 312 Wis. 2d 84, 752 N.W.2d 295. "[S]tatutory interpretation 'begins with the language of the statute. If the meaning of the statute is plain, we ordinarily stop the inquiry.' " *State ex rel. Kalal v. Circuit Court for Dane Cnty.*, 2004 WI 58, ¶ 45, 271 Wis. 2d 633, 681 N.W.2d 110 (quoted source omitted).

¶ 4.  The Police Association must show that the Counties Association is an "authority" as defined by WIS. STAT. § 19.32(1), in order for the Counties Association to be subject to the state's public records law. *See Beaver Dam*, 312 Wis. 2d 84, ¶ 30 ("The state public records laws apply to authorities."). WISCONSIN STAT. § 19.32(1) defines "authority" as follows:

> As used in ss. 19.32 to 19.39:
>
> (1) "Authority" means any of the following having custody of a record: a state or local office, elective official, agency, board, commission, committee, council, department or public body corporate and politic created by the constitution or by any law, ordinance, rule or order; a governmental or quasi-governmental corporation except for the Bradley center sports and entertainment corporation; a special purpose district; any court of law; the assembly or senate; a nonprofit corporation which receives more than 50% of its funds from a county or a municipality, as defined in s. 59.001 (3), and

which provides services related to public health or safety to the county or municipality; a university police department under s. 175.42; or a formally constituted subunit of any of the foregoing.

¶ 5. The Police Association argues that the Counties Association comes within the statutory definition of "authority" because the Counties Association fits the statutory category "quasi-governmental corporation." Indeed, although WIS. STAT. § 19.32(1) contains other categories, it is undisputed that the only question before us with respect to the definition of "authority" in § 19.32(1) is whether the Counties Association is a "quasi-governmental corporation."

¶ 6. According to the Police Association, the circuit court erred in too strictly interpreting the statutory language so as to conclude that the Counties Association cannot be a "quasi-governmental corporation" simply because it is not a corporation as that term is used in the Wisconsin statutes. The Police Association asserts that "[t]o infer from the WIS. STAT. § 19.32(1) definition of 'authority' that the term 'corporation' can only mean one that is established under Chapter 180 of the Wisconsin State Statutes . . . would be in error, and would neglect the term's general meaning, along with the applicable judicial precedent." The Police Association points to the "general meaning of 'corporation' " in the 1990 edition of Black's Law Dictionary—"an artificial person or legal entity created by or under the authority of the laws of a state"—and to the decision in *Beaver Dam*—which applied a totality of circumstances test to determine whether a private corporation was a "quasi-governmental corporation," 312 Wis. 2d 84, ¶¶ 44–46—and argues that we should apply that same test to find that the Counties Association is a "quasi-governmental corporation" here.

¶ 7. We reject both the Police Association's reliance on a dictionary definition of "corporation" and its reliance on *Beaver Dam*.

¶ 8. We reject the Police Association's argument based on a dictionary definition of "corporation," because it is undeveloped. *See State v. Pettit*, 171 Wis. 2d 627, 646, 492 N.W.2d 633 (Ct. App. 1992) (court of appeals need not consider undeveloped arguments). Moreover, the definition on which the Police Association relies seems entirely consistent with how Wisconsin defines corporation under state law, in WIS. STAT. chs. 180–183, and the Police Association does not assert that the Counties Association was "created by or under the authority of" that law.[2]

¶ 9. We reject the Police Association's argument based on the decision in *Beaver Dam*, because it is not supported by any language in that decision. In *Beaver Dam*, the court held that "a quasi-governmental corporation is a corporation that resembles a governmental corporation," and applied the totality of circumstances test to determine whether the private Beaver Dam Area Development Corporation in that case was "quasi-governmental." 312 Wis. 2d 84, ¶¶ 3, 9, 44–45. While the court also referred to the issue as being whether an "entity is a quasi-governmental corporation," *see, e.g., id.,* ¶¶ 7, 9, 45, the Police Association points to no language in that decision that indicates that the court intended to extend the reach of either its holding or WIS. STAT. § 19.32(1) to embrace entities that are not corporations. As the Counties Association notes, "to be a 'quasi-governmental corporation,' an entity must first be a 'corporation,'" and the Counties Association *is not a corporation*.

---

[2] *Cf.* WISCONSIN STAT. § 184.01(2), which defines "nonprofit association" as "an unincorporated organization."

¶ 10. In sum, the Police Association does not persuade us that its dictionary definition of "corporation," or the *Beaver Dam* court's application of the totality of circumstances test to a corporation, help it overcome the fact that in this case the Counties Association is not a corporation under Wisconsin law.

¶ 11. The Police Association asserts that it is "illogical to conclude that the Legislature intended to create a loop-hole" for associations like the Counties Association. However, to hold that the term "governmental or quasi-governmental corporation" in WIS. STAT. § 19.32(1) includes an entity that is not a corporation would effectively rewrite the statute to eliminate the legislature's use of the word "corporation." That is the job of the legislature, not the courts. *See State v. Briggs*, 214 Wis. 2d 281, 288, 571 N.W.2d 881 (Ct. App. 1997) (noting that "[t]he role of the legislature is to write the law").

¶ 12. Accordingly, we conclude that the circuit court properly dismissed the Police Association's public records complaint because the Counties Association is not a corporation and, therefore, not an "authority" by virtue of being a "quasi-governmental corporation" under WIS. STAT. § 19.32(1).

¶ 13. In the alternative, the Police Association argues that the Counties Association constitutes a "governmental body," a term used in a different statute, namely WIS. STAT. § 19.82 of the open meetings law. According to the Police Association, the Counties Association should be subject to the public records law on that basis. The Counties Association responds that the Police Association has forfeited this argument because the Police Association raises it for the first time on appeal. *See County of Columbia v. Bylewski*, 94 Wis. 2d

693

153, 171, 288 N.W.2d 129 (1980) ("This court has held that as a general rule it will not consider issues not raised in the trial court but raised for the first time on appeal."). Our review of the record indicates that the Police Association did not raise this argument before the circuit court. The Police Association appears to concede the point, replying that whether the Counties Association is a "governmental body" is a question of law, as is whether the Counties Association is a "quasi-governmental corporation," and both questions relate to the overriding issue of whether the Counties Association is subject to the public records law. The Police Association urges us to address this new argument "in furtherance of that overriding issue."

¶ 14. We decline to do so here. Because the Police Association did not raise this argument before the circuit court, the Police Association has forfeited its right to raise this argument here. *See State v. Rogers*, 196 Wis. 2d 817, 829, 539 N.W.2d 897 (Ct. App. 1995) ("[T]he appellant [must] articulate each of its theories to the trial court to preserve its right to appeal."). Moreover, even if we were to address the merits and resolve the issue, the Police Association does not persuade us. In particular, the Police Association does not explain why a statute and informal opinions of the Attorney General which address open meetings "ought to be instructive" when the topic here is public records.

## CONCLUSION

¶ 15. Because the Counties Association, as an unincorporated association, is not an "authority" under Wis. Stat. § 19.32(1), the Police Association has failed to establish that the Counties Association is subject to Wisconsin's public records law. We therefore affirm the

circuit court's dismissal of the Police Association's complaint seeking to enforce the public records law against the Counties Association.

*By the Court.*—Order affirmed.