COURT OF APPEALS
DECISION
DATED AND FILED

November 27, 2024

Samuel A. Christensen
Clerk of Court of Appeals

**NOTICE**

This opinion is subject to further editing. If published, the official version will appear in the bound volume of the Official Reports.

A party may file with the Supreme Court a petition to review an adverse decision by the Court of Appeals. *See* WIS. STAT. § 808.10 and RULE 809.62.

Appeal No. **2024AP168**

STATE OF WISCONSIN

Cir. Ct. No. 2023CV157

IN COURT OF APPEALS
DISTRICT IV

---

PETER BERNEGGER,

    PLAINTIFF-APPELLANT-CROSS-RESPONDENT,

 V.

ELECTRONIC REGISTRATION INFORMATION CENTER INC.,

    DEFENDANT-RESPONDENT-CROSS-APPELLANT.

---

APPEAL and CROSS-APPEAL from an order of the circuit court for Waupaca County: TROY L. NIELSEN, Judge. *Affirmed; cross-appeal dismissed.*

Before Kloppenburg, P.J., Graham, and Nashold, JJ.

**Per curiam opinions may not be cited in any court of this state as precedent or authority, except for the limited purposes specified in WIS. STAT. RULE 809.23(3).**

¶1      PER CURIAM. In this public records case, Peter Bernegger requested numerous documents from the Electronic Registration Information Center, Inc. ("ERIC"). ERIC refused to provide any documents to Bernegger, asserting that it is not an "authority" subject to Wisconsin's public records law, WIS. STAT. §§ 19.31-.39 (2021-22).[1]  Based on this response, Bernegger filed a petition (the "complaint") seeking a declaration of his rights with respect to the requested documents, a mandamus order directing ERIC to produce the requested documents, and punitive damages. After ERIC did not timely file an answer to the complaint, Bernegger filed a motion for default judgment. ERIC filed a brief opposing Bernegger's motion for default judgment arguing, in part, that the complaint fails to state a claim on which relief may be granted because ERIC is not an authority subject to the public records law. Separately, ERIC filed a motion to dismiss the complaint for improper service and lack of personal jurisdiction.

¶2      The circuit court denied ERIC's motion to dismiss for improper service. The court also denied Bernegger's motion for default judgment and dismissed the complaint on the ground that the complaint fails to state a claim on which relief may be granted, concluding that the complaint "does not contain allegations" showing that ERIC is a "quasi-governmental corporation" which is defined as an authority in Wisconsin's public records law. *See* WIS. STAT.

---

[1] Although the parties at times refer to this statute as the "open records law," we follow our supreme court in using the term "'public records law' in order to avoid confusion with the open meetings law." *Journal Times v. City of Racine Bd. of Police & Fire Comm'rs*, 2015 WI 56, ¶2 n.4, 362 Wis. 2d 577, 866 N.W.2d 563.

All references to the Wisconsin Statutes are to the 2021-22 version unless otherwise noted.

§ 19.32(1) (defining an "authority" as including a "quasi-governmental corporation").

¶3 Bernegger appeals the circuit court's order denying his motion for default judgment and dismissing his complaint. Bernegger argues that the court erred by addressing his motion for default judgment without providing notice and an opportunity to be heard, and by considering material outside the complaint. Alternatively, Bernegger argues that the court erred when it denied his motion for default judgment and dismissed the complaint on the ground that the complaint fails to state a claim on which relief may be granted, specifically that the complaint fails to contain allegations showing that ERIC is a quasi-governmental corporation subject to Wisconsin's public records law. ERIC cross-appeals, arguing that the court erred in determining that ERIC was properly served and, accordingly, that it had personal jurisdiction over ERIC.

¶4 We conclude that Bernegger has forfeited his argument that the circuit court erred by addressing his motion for default judgment without providing notice and an opportunity to be heard. We further conclude, on our de novo review, that the complaint fails to state a claim on which relief may be granted because it fails to allege facts that, taken as true, show that ERIC is a quasi-governmental corporation subject to Wisconsin's public records law. Because we conclude that the court's denial of the motion for default judgment and dismissal of the complaint were appropriate on this ground, we need not address either Bernegger's argument that the court erred by considering material outside the complaint or ERIC's argument that it was not properly served, and we do not consider those arguments further. *See Walgreen Co. v. City of Madison*, 2008 WI 80, ¶2, 311 Wis. 2d 158, 752 N.W.2d 687 (noting that when resolution of

one issue is dispositive, we need not reach other issues raised by the parties). Accordingly, we affirm.

## BACKGROUND

¶5     The following primarily procedural facts are undisputed.

¶6     Between November 2021 and May 2023, Bernegger sent eight emails to ERIC requesting documents pursuant to Wisconsin's public records law.[2] ERIC either did not respond to Bernegger's emails or responded that ERIC is a nonprofit organization not subject to Wisconsin's public records law. On June 21, 2023, Bernegger filed a complaint seeking to enforce the public records law against ERIC, which Bernegger alleged is a nonprofit organization with an address in Washington, D.C. On June 28, 2023, Bernegger faxed written discovery requests, which included requests for admissions, to the fax number listed on ERIC's website.

¶7     On August 15, 2023, by which time ERIC had not filed an answer to the complaint or responded to Bernegger's discovery requests, Bernegger filed a motion for default judgment against ERIC along with a supporting brief and ten exhibits. After filing a special notice of appearance, ERIC filed a brief in opposition to Bernegger's motion for default judgment, arguing that Bernegger failed to satisfy the standards for default judgment because: (1) Bernegger failed to properly serve ERIC; and (2) ERIC is not an authority subject to Wisconsin's

---

[2] Bernegger also referenced federal laws including the Freedom of Information Act, but he bases his arguments on appeal only on Wisconsin's public records law. Accordingly, we do not mention federal law further.

public records law, and, therefore, the complaint fails to state a claim on which relief may be granted.

¶8      On September 29, 2023, ERIC filed a notice of motion and motion to dismiss the complaint for improper service and lack of personal jurisdiction, along with a supporting affidavit. The notice of motion indicated that the motion was scheduled for a hearing on October 19, 2023. Bernegger filed a brief in opposition to the motion, along with supporting affidavits and exhibits, arguing that he complied with the requirements for service on a foreign corporation set forth in WIS. STAT. § 801.11(5)(a). Bernegger and ERIC each also filed a motion for leave to file additional documents. Each party opposed the other's motion for leave. Bernegger also filed a "notice" in which he asserted that his requests for admission were deemed admitted.

¶9      At the motion hearing on October 19, 2023, the circuit court told the parties that it would "work through" all of the motions that had been filed, not just ERIC's motion to dismiss for improper service. Neither party objected to this manner of proceeding. The court first heard argument from Bernegger and ERIC on their respective motions for leave to file additional documents and granted both motions. The court next heard argument on ERIC's motion to dismiss for improper service and took that matter under advisement. The court then addressed Bernegger's motion for default judgment. Both parties made arguments for or against the motion. ERIC focused its argument on its contention that the complaint fails to state a claim on which relief may be granted because ERIC is not a quasi-governmental corporation subject to Wisconsin's public records law. Bernegger asserted that ERIC is a quasi-governmental corporation. Both parties referenced facts not alleged in the complaint. The court took the motion for default judgment under advisement as well.

5

¶10 In January 2024, the circuit court issued a written order addressing the motions that it had taken under advisement. The court denied ERIC's motion to dismiss for improper service, concluding that Bernegger properly served ERIC under WIS. STAT. § 801.11(5). The court denied Bernegger's motion for default judgment and dismissed the complaint on the ground that the complaint fails to state a claim on which relief may be granted, accepting ERIC's arguments that the complaint "does not contain allegations" showing that ERIC is a quasi-governmental corporation subject to Wisconsin's public records law. Specifically, the court explained: "If the Court accepts ERIC's arguments" that the complaint "does not contain allegations [on which relief] can be granted as a matter of law," then "the case should also be dismissed as [the complaint] would fail to state a claim [on] which relief may be granted." The court did not address Bernegger's "notice" that his requests for admission were deemed admitted.

¶11 This appeal and cross-appeal follow.

## DISCUSSION

¶12 As stated, we address in this opinion Bernegger's arguments that the circuit court erred by: (1) addressing his motion for default judgment without providing notice and an opportunity to be heard, and (2) then denying his motion for default judgment and dismissing the complaint based on its conclusion that the complaint "does not contain allegations" showing that ERIC is a quasi-

governmental corporation subject to Wisconsin's public records law and, therefore, fails to state a claim on which relief may be granted.[3]

¶13 We first explain our conclusion that Bernegger has forfeited his argument that the circuit court erred by addressing his motion for default judgment without providing notice and an opportunity to be heard. We next explain our conclusion that the court properly denied the motion for default judgment and dismissed the complaint because the complaint fails to allege facts sufficient to establish that ERIC is a quasi-governmental corporation within the meaning of Wisconsin's public records law, and, therefore, the complaint fails to state a claim under WIS. STAT. §§ 19.31-.39.

## I. Forfeiture

¶14 To repeat, Bernegger argues that the circuit court erred in addressing his motion for default judgment without providing notice and an opportunity to be heard. However, as we explain, Bernegger did not object, despite being given several opportunities to do so, when the court proceeded to address the motion for default judgment after the parties had exchanged briefs in support of and opposition to the motion and argued it at the hearing. Accordingly, we conclude that Bernegger has forfeited his argument by raising that objection for the first time on appeal.

---

[3] To the extent that Bernegger also intends to argue that dismissal is not an appropriate remedy if the circuit court determines, on a motion for default judgment, that the complaint fails to state a claim, he does not develop that argument with citation to relevant legal authority. Accordingly, we do not further consider it. *See Industrial Risk Insurers v. American Eng'g Testing, Inc.*, 2009 WI App 62, ¶25, 318 Wis. 2d 148, 769 N.W.2d 82 (providing that we need not consider "[a]rguments unsupported by legal authority").

¶15     It is well established that a party has forfeited on appeal an objection that the party did not make in the circuit court. *See, e.g.*, ***State v. Klapps***, 2021 WI App 5, ¶29, 395 Wis. 2d 743, 954 N.W.2d 38 (2020) ("failure to object, even to a claimed structural constitutional violation, forfeits the challenge"). "It is a fundamental principle of appellate review that issues must be preserved at the circuit court. Issues that are not preserved at the circuit court, even alleged constitutional errors, generally will not be considered on appeal." ***State v. Huebner***, 2000 WI 59, ¶10, 235 Wis. 2d 486, 611 N.W.2d 727. This rule of forfeiture is "not merely a technicality or a rule of convenience; it is an essential principle of the orderly administration of justice." *Id.*, ¶11. "The rule promotes both efficiency and fairness, and 'goes to the heart of the common law tradition and the adversary system.'" *Id.* (quoted source and alteration omitted).

¶16     One of the primary objectives of the forfeiture rule is to promote raising an issue through an objection at the circuit court level, which "allows the [circuit] court to correct or avoid the alleged error in the first place, eliminating the need for appeal." *Id.*, ¶12. This process "gives both parties and the [circuit court] judge notice of the issue and a fair opportunity to address the objection." *Id.* "The party who raises an issue on appeal bears the burden of showing that the issue was raised before the circuit court." *Id.*, ¶10.

¶17     The record shows that Bernegger has not met his burden here. To recap, Bernegger filed a motion for default judgment along with a supporting brief and ten exhibits. ERIC filed a brief opposing the motion based on improper service and failure of the complaint to state a claim on which relief may be granted. ERIC devoted most of its brief to the failure-to-state-a-claim issue, arguing that ERIC is not an authority subject to Wisconsin's public records law. Following Bernegger's motion for default judgment, ERIC filed a motion to

8

dismiss for improper service, and both parties filed motions for leave to file additional documents.

¶18 At the beginning of the October 19, 2023 motion hearing, the circuit court noted that the hearing was calendared only for ERIC's motion to dismiss and said that it would also "work through" the other motions and requests filed by the parties. Bernegger did not object. After the court heard argument on and granted the parties' respective motions for leave to file additional documents, and heard argument on and took under advisement ERIC's motion to dismiss for improper service, the court said that it would "now … work on the motion for default that was filed by Mr. Bernegger." The court asked the parties to speak regarding ERIC's "argument … that the complaint … filed by Mr. Bernegger[,] giving all reasonable inferences to it[,] fails to state a claim because ERIC is not subject to the [public] records requirements of Wisconsin law." At this point, Bernegger objected to ERIC "misleading" the court about the date that ERIC received notice of Bernegger's suit; he did not object to the court hearing argument on and addressing his motion for default judgment or ERIC's opposition to that motion based on the complaint's failure to state a claim.

¶19 ERIC and Bernegger then both presented arguments as to whether ERIC is a quasi-governmental corporation. Both parties referenced information outside of the complaint. The circuit court told the parties that it would "take this issue under advisement as a part of the written order that comes out of today's hearing." Bernegger did not object to the court doing so. Finally, the court asked the parties if they would like to present arguments as to Bernegger's notice asserting that his requests for admissions were deemed admitted and said, "[I]f I determine that ERIC is not subject to the [public] records law, this is a moot

9

point." Bernegger again did not object to the court addressing his motion for default judgment as part of the court's order on the motions argued at the hearing.

¶20 Based on this record, we conclude that Bernegger forfeited his objection to the circuit court proceeding to address his motion for default judgment at the hearing and deciding the motion in the order entered after the hearing. *See Klapps*, 395 Wis. 2d 743, ¶29 ("failure to object … forfeits the challenge"); *Huebner*, 235 Wis. 2d 486, ¶10 (issues not objected to in the circuit court "generally will not be considered on appeal").

## II. Sufficiency of Complaint

¶21 Having concluded that Bernegger forfeited his argument that the circuit court improperly addressed his motion for default judgment without providing notice and an opportunity to be heard, we turn to his alternative argument that the court erroneously denied his motion for default judgment and dismissed his complaint. Specifically, Bernegger argues that the court erred in concluding that the complaint "does not contain allegations" showing that ERIC is an authority subject to Wisconsin's public records law.

¶22 This court reviews a circuit court's grant or denial of a motion for default judgment for an erroneous exercise of discretion. *Shirk v. Bowling, Inc.*, 2001 WI 36, ¶9, 242 Wis. 2d 153, 624 N.W.2d 375. On a motion for default judgment, "the complaint must contain allegations sufficient in law to state a claim for relief against a defendant." *Davis v. City of Elkhorn*, 132 Wis. 2d 394, 398-99, 393 N.W.2d 95 (Ct. App. 1986). "A default judgment will not stand if the

complaint lacks allegations sufficient in law to state a cause of action."[4] *Chetek State Bank v. Barberg*, 170 Wis. 2d 516, 523, 489 N.W.2d 385 (Ct. App. 1992). This is because "[t]he fact that a party may be in default cannot confer a right to judgment upon a claim not recognized by law." *Davis*, 132 Wis. 2d at 399.

¶23 This court reviews de novo the legal question of whether a complaint states a claim on which relief may be granted. *Data Key Partners v. Permira Advisers LLC*, 2014 WI 86, ¶17, 356 Wis. 2d 665, 849 N.W.2d 693. In order to state a claim on which relief may be granted, "a complaint must plead facts, which if true, would entitle the plaintiff to relief." *Id.*, ¶21. "[W]e accept as true all facts well-pleaded in the complaint and the reasonable inferences therefrom." *Id.*, ¶19; *see also Davis*, 132 Wis. 2d at 399 (on a motion for default judgment, an appellate court, "like the [circuit] court, must read the complaint liberally"). "However, a court cannot add facts in the process of construing a complaint. Furthermore, legal conclusions stated in the complaint are not accepted as true, and they are insufficient to [state a claim]. Therefore, it is important for a court considering [whether a complaint states a claim] to accurately distinguish pleaded facts from pleaded legal conclusions." *Data Key Partners*, 356 Wis. 2d 665, ¶19 (citations omitted). If the complaint fails to allege facts that, if true, entitle the plaintiff to relief, it follows that the complaint must be dismissed. *See Cattau v. National Ins. Servs. of Wis., Inc.*, 2019 WI 46, ¶¶3-6, 386 Wis. 2d 515, 926 N.W.2d 756 (affirming dismissal when proof of facts alleged in complaint would not satisfy each element of a cause of action); *Strid v. Converse*, 111 Wis. 2d 418, 422-23,

---

[4] The terms "cause of action" and "claim for relief" are used interchangeably and refer to the same concept. *Tikalsky v. Friedman*, 2019 WI 56, ¶14 n.9, 386 Wis. 2d 757, 928 N.W.2d 502 ("Our cases at various times have referred to 'causes of action,' 'claims for relief,' 'theories of recovery,' and 'theories of liability.' The terms are interchangeable.").

331 N.W.2d 350 (1983) (complaint should be dismissed if facts alleged are insufficient to support a claim for relief).

¶24 Wisconsin's public records law, set forth in WIS. STAT. §§ 19.31-.39, "sets out the rights of the public to access public records, as well as the procedures to obtain them and limitations on the rights to public access." *Wisconsin State J. v. Blazel*, 2023 WI App 18, ¶17, 407 Wis. 2d 472, 991 N.W.2d 450. The public records law applies only to authorities, and "WIS[.] STAT. § 19.32(1) defines 'authority' to include quasi-governmental corporations." *State v. Beaver Dam Area Dev. Corp.*, 2008 WI 90, ¶30, 312 Wis. 2d 84, 752 N.W.2d 295. On appeal, Bernegger asserts that ERIC is subject to Wisconsin's public records law because it is a quasi-governmental corporation.[5]

¶25 Determining whether the complaint alleges facts showing that ERIC "is an 'authority' under the public records law is a matter of statutory interpretation, which presents a question of law that we review de novo." *See Wisconsin Pro. Police Ass'n, Inc. v. Wisconsin Cntys. Ass'n*, 2014 WI App 106, ¶3, 357 Wis. 2d 687, 855 N.W.2d 715. "Statutory interpretation begins with the language of the statute, and if the meaning of the statute appears plain from its language, we ordinarily stop there." *State v. Stanley*, 2012 WI App 42, ¶16, 340 Wis. 2d 663, 814 N.W.2d 867. "Additionally, a plain meaning analysis may look to statutory context and structure." *State v. Soto*, 2012 WI 93, ¶20, 343 Wis. 2d 43, 817 N.W.2d 848. We may also "consult case law that 'may illumine how we

---

[5] In his brief in support of his motion for default judgment, Bernegger argued that ERIC is also another type of entity within the definition of "authority," namely, "a nonprofit corporation which receives more than 50 percent of its funds from a county or a municipality." WIS. STAT. § 19.32(1). Bernegger does not renew this argument on appeal and, therefore, we address it no further.

have previously interpreted or applied the statutory language.'" *City of New Lisbon v. Muller*, 2023 WI App 65, ¶47, 410 Wis. 2d 309, 1 N.W.3d 761 (quoting *Belding v. Demoulin*, 2014 WI 8, ¶16, 352 Wis. 2d 359, 843 N.W.2d 373).

¶26 We begin with the language of the statute. WISCONSIN STAT. § 19.31, which declares the policy that motivated the statute, states: "[I]t is declared to be the public policy of this state that all persons are entitled to the greatest possible information regarding the affairs of government and the official acts of those officers and employees who represent them." In other words, the public records law is designed to give the public access to information in the State of Wisconsin regarding Wisconsin government and the acts of its representatives. The statute provides that it applies only to an "authority" and, pertinent here, defines an "authority" to include "a governmental or quasi-governmental corporation." WIS. STAT. § 19.32(1).

¶27 The term "quasi-governmental corporation" is not defined in Wisconsin's public records law, or in the chapter in which the public records law is located. However, our supreme court has instructed that "an entity is a quasi-governmental corporation within the meaning of WIS. STAT. § … 19.32(1) if, based on the totality of circumstances, it resembles a governmental corporation in function, effect, or status." *Beaver Dam*, 312 Wis. 2d 84, ¶9. While recognizing that "[e]ach case has to be decided on the particular facts presented[, and] … no one factor … is outcome determinative," the court identified five non-exclusive factors important in determining whether, based on the totality of the circumstances, an entity is a quasi-governmental corporation subject to the public records law. *Id.*, ¶¶8, 62, 63 n.14. These factors are: "(1) whether the entity's funding comes from predominately public or private sources; (2) whether the entity serves a public function; (3) whether the entity appears to the public to be a

13

government entity; (4) the degree to which the entity is subject to government control; and (5) the amount of access governmental bodies have to the entity's records." *State ex rel. Flynn v. Kemper Ctr., Inc.*, 2019 WI App 6, ¶15, 385 Wis. 2d 811, 924 N.W.2d 218 (citing *Beaver Dam*, 312 Wis. 2d 84, ¶62).

¶28  The complaint contains the following factual allegations relevant to whether ERIC is a quasi-governmental corporation:  (1) "ERIC is a nonprofit organization with an address 1201 Connecticut Ave NW, … Washington D.C. 20036"; (2) "ERIC causes direct mailings to [Waupaca County] on a regular basis, per a signed agreement with the Wisconsin Election Commission ('WEC')"; (3) "[Bernegger] and all registered to vote citizens of Waupaca County have their personal identifiable information ("PII") sent to ERIC by WEC approximately every 90 days.  This includes social security numbers, driver's license numbers, birthdates, email addresses, telephone numbers"; (4) "ERIC receives Active and Inactive registrants' information of citizens of Waupaca County on a regular basis from WEC"; (5) "ERIC receives Active and Inactive registrants' information of citizens of Waupaca County from the DMV, via WEC, on a regular basis"; (6) "ERIC has a written agreement with [WEC] signed by the Administrator Meagan Wolfe"; (7) "ERIC has conducted business in [Wisconsin] since about 2015"; and (8) "ERIC does not have any employees at the address listed on their website."[6]

---

[6] The complaint also states several legal conclusions, including that "ERIC is an Authority [under WIS. STAT.] § 19.32(1)"; that "WEC, the State of Wisconsin, is required by statute to be a member of ERIC"; and that "WEC is an agent of ERIC."  Consistent with the legal principles stated above, we disregard these alleged legal conclusions.

¶29    We now proceed to apply the five factors set forth in ***Beaver Dam*** to determine whether the complaint alleges facts showing that ERIC "resembles a governmental corporation in function, effect, or status." *See **Beaver Dam***, 312 Wis. 2d 84, ¶9.

¶30    *First factor:  source of funding.*  In ***Beaver Dam***, the source of funding for the Beaver Dam Area Development Corporation ("BDADC") was a "primary consideration" in determining that BDADC was a quasi-governmental corporation. ***Id.***, ¶10; *see also **Kemper Center***, 385 Wis. 2d 811, ¶31 (considering funding sources in quasi-governmental corporation analysis).  The complaint does not allege any facts related to ERIC's funding sources; therefore, this factor does not support a determination that ERIC is a quasi-governmental corporation.

¶31    *Second factor:  public function.*  In ***Beaver Dam***, the court concluded that the fact that BDADC's "exclusive function is to promote economic development in and around the City, a function that prior to its creation had been performed by the City," made the organization "resemble[] a governmental corporation." ***Beaver Dam***, 312 Wis. 2d 84, ¶¶11, 69.  There, "with respect to the function it serves, BDADC is indistinguishable from the City office that preceded BDADC's incorporation." ***Id.***, ¶69.  By contrast, in ***Kemper Center***, this court determined that Kemper Center, Inc.'s functions of preserving a park and offering local programming did not lie "exclusively, or even predominately, in either the public or private sphere" and, therefore, concluded that this factor did not strongly support a determination that Kemper Center, Inc. was a quasi-governmental corporation. ***Kemper Center***, 385 Wis. 2d 811, ¶35.  In this case, Bernegger alleges in his complaint that ERIC "causes direct mailings to this county" through an agreement with WEC and receives personal information of registered voters from WEC and the Department of Motor Vehicles.  Sending mail to citizens and

receiving personal information of registered voters are functions not readily associated only with public agencies (and not, for example, also with private commercial or political entities), and, thus, do not lie "exclusively, or even predominately, in either the public or private sphere." *See id.* Accordingly, these allegations do not support a determination that ERIC is a quasi-governmental corporation.

¶32 *Third factor: appearance to public.* In **Beaver Dam**, the court determined that the facts that BDADC's offices were located in a city building, BDADC had a page on the city's website, and two of BDADC's directors were city officials, weighed strongly in favor of concluding that BDADC was a quasi-governmental corporation. **Beaver Dam**, 312 Wis. 2d 84, ¶73. By contrast, in **Kemper Center**, this court found the following relevant to its conclusion that Kemper Center, Inc. was not a quasi-governmental corporation: that Kemper Center, Inc. maintained its own website separate from the city's; and that the city ordinances referencing Kemper Center, Inc. "suggest to a reasonable reader that Kemper Center, Inc. is a *different* entity than the County, albeit one that shares some jurisdiction and a business relationship with County departments." **Kemper Center**, 385 Wis. 2d 811, ¶¶39, 42. Here, the complaint's factual allegations that "ERIC is a nonprofit organization with an address 1201 Connecticut Ave NW, … Washington D.C. 20036"; "ERIC has a written agreement with [WEC] signed by the Administrator Meagan Wolfe"; and "ERIC has conducted business in [Wisconsin] since about 2015" are more akin to the facts in **Kemper Center**, such that they suggest to a reasonable citizen that ERIC "is a *different* entity than [WEC or the State of Wisconsin], albeit one that shares … a business relationship" with those government entities. *See id.*, ¶42.

¶33    *Fourth and fifth factors:  government control and access to records.* The complaint does not allege any facts related to the Wisconsin government's control over or access to records of ERIC.[7]  Therefore, these factors do not support a determination that ERIC is a quasi-governmental corporation.

¶34    Bernegger does not argue that the allegations in the complaint suffice to show that ERIC is a quasi-governmental corporation.  On our de novo review, based on our application of the ***Beaver Dam*** factors, we conclude that the facts alleged in the complaint fail to show that ERIC "resembles a governmental corporation in function, effect, or status."  *See **Beaver Dam***, 312 Wis. 2d 84, ¶9. The alleged facts at most show that ERIC, a private nonprofit corporation, has a business relationship with a Wisconsin government entity, WEC, but that does not make ERIC a quasi-governmental corporation.  *See **Kemper Center***, 385 Wis. 2d 811, ¶¶42, 51-53 (business relationship and shared authority between a county and non-governmental entity do not transform the non-governmental entity into a quasi-governmental corporation; records relating to a business relationship between the county and the corporation may be requested from the county itself).[8]

---

[7] It is possible that the complaint's allegation that ERIC has a written agreement with WEC could relate to the Wisconsin government's control over or access to ERIC's records. However, the alleged agreement is not attached to the complaint, and Bernegger asserted in a subsequent filing in the circuit court that there is no such agreement.  The complaint's conclusory allegation about an agreement with unspecified terms between ERIC and WEC does not, in any event, suffice to satisfy these or any of the other ***Beaver Dam*** factors.

[8] Though not relevant to our analysis, we note that WIS. STAT. § 19.36(3) provides an avenue for a requester to gain access to records from entities that contract with authorities.  That provision, titled "CONTRACTORS' RECORDS," states in relevant part, "Each authority shall make available for inspection and copying … any record produced or collected under a contract entered into by the authority with a person other than an authority to the same extent as if the record were maintained by the authority."

**CONCLUSION**

¶35 For the reasons stated above, we affirm the circuit court order and dismiss the cross-appeal. No costs to either party.

*By the Court.*—Order affirmed; cross-appeal dismissed.

This opinion will not be published. *See* WIS. STAT. RULE 809.23(1)(b)5.